[Civil No. 1520.   Filed December 18, 1916.]

[161 Pac. 684.]

HARTFORD FIRE INSURANCE COMPANY, a Corporation, Appellant, v. CARLOS D. STEPHENS, Appellee.

1. INSURANCE POLICY—PREREQUISITE TO CANCELLATION.—Under a provision of an insurance policy providing for cancellation, and "that when the policy is canceled by the company by giving notice, it shall retain only the *pro rata* premium," which policy was not governed by Civil Code of 1913, paragraph 3441, defining cancellation clauses, a return or tender of the unearned premium was a prerequisite to the cancellation of the policy.

**2.** INSURANCE—CANCELLATION CLAUSE—CONSTRUCTION.—Any ambiguity in the cancellation clause of an insurance policy will be resolved in favor of the insured.

[As to necessity of return or tender of unearned premium to effect cancellation of fire insurance policy by insurer, see note in Ann. Cas. 1913D, 490.]

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Affirmed.

Mr. Neil M. Allred, for Appellant.

Mr. A. C. McKillop, for Appellee.

ROSS, C. J.—The appellee insured his property with the appellant on the twenty-fifth day of November, 1912, for the period of one year, at which time he paid the full premium. On the twenty-eighth day of June, 1913, the insured building was damaged by fire to the extent of $500. Before the fire, to wit, on the eighteenth day of June, 1913, the appellant, from its office in San Francisco, notified the appellee by letter, which was received by appellee on the twenty-first day of June, that in accordance with a clause in the insurance policy "we hereby give you five days' notice of cancellation of this policy." The clause of the policy referred to in the notice of cancellation reads as follows:

"This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If the policy shall be canceled as hereinabove provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of the policy or last renewal, this company retaining the customary short rate, except that when the policy is canceled by the company by giving notice, it shall retain only the *pro rata* premium."

There is no dispute or controversy as to the facts, the only question being one of law. The learned trial judge determined the question of law in favor of the appellee and gave judgment for the full sum of the damages admitted and sued for. The dispute or controversy is as to the meaning that should be given to the above-quoted clause of the policy, it being the contention of the appellant that after five days from

the date appellee received the notice the policy was canceled, and that it was not necessary for it to do any other thing or act than to give the notice in order to effect a cancellation of the policy. Whereas, the appellee contends that the insurer, being the moving party, should not only have given the five days' notice of the cancellation, but should, on or before the expiration of the five days, have returned to the insured the *pro rata* of the premium then unearned. If the appellant's view of the meaning of the quoted clause is correct, then it did all that the law required it to do, and should have had judgment, but if the appellee's construction of the clause is correct, the appellant, failing to tender or pay the unearned part of the premium on or before the expiration of five days, did not do the things required in order to effect a cancellation, and the contract of insurance was in full force between it and the appellee on the twenty-eighth day of June, when the damage by fire occurred.

The policy is what is known as "The New York Standard Policy," and this particular clause of the policy under the same facts that we have here, has many times been before the courts and by them construed. The courts have not agreed as to the meaning of the cancellation clause in the standard form, and it is very difficult to determine upon which side the weight of authority is to be found, although we think more courts of equal eminence and learning have adopted the construction contended for by appellee.

Our statute (paragraph 3441 of the Civil Code), which took effect October 1, 1913, and subsequent to the wrong herein complained of, now defines the cancellation clause in fire insurance policies. That being true, the reasons assigned by the different courts for the one construction or the other would not be profitable to the profession, or anyone else, and therefore we shall not undertake to set forth and analyze *in extenso* the decisions upon either side. Suffice it to say that this form of policy is prescribed by statute in New York, and the courts of that state are the first courts that passed upon and construed the cancellation clause thereof, which is identical with the cancellation clause that we have, and it was therein held that the return of the unearned premium or a tender thereof was a prerequisite to the cancellation of the policy. *Nitsch*

v. *American Cent. Ins. Co.,* 152 N. Y. 635, 46 N. E. 1149
(affirming without opinion 83 Hun, 614, 31 N. Y. Supp. 1131).

There has been considerable criticism of this decision, be-
cause it is said that the appellate courts assigned no reason for
their judgment, but the opinion which was rendered by Judge
BARTLETT at the trial does assign reasons, which we here
give:

"The equivalent of a requirement to refund or tender the
unearned premium, as a condition of an effective cancellation
by the insurer, may readily be discovered in the standard pol-
icy. The whole paragraph on the subject must be read to-
gether; and the last clause must not be overlooked. That
clause provides that, 'When this policy is canceled by this
company, by giving notice, it shall retain only the *pro rata*
premium.' This language plainly imports that the company
cannot make the notice effective and at the same time retain
the whole premium. The word 'shall,' in the last clause of the
paragraph, in reference to the cancellation of the policy, is
just as mandatory as the word 'shall' in the first clause. The
policy shall be canceled by the company by giving five days'
notice, but, when so canceled (that is, at the time the notice
takes effect), the company shall retain only the *pro rata*
premium; the latter requirement is as imperative as the
former, and can only be complied with by actually returning
the unearned premium or offering to return it to the insured.
Reading the entire provision as a whole, I am clearly of the
opinion that it makes the actual payment or tender of the
unearned premium essential to a cancellation of the policy by
the company. This construction involves no hardship to the
insurer, while that which the court is asked by the defendant
to adopt would involve decided hardship to the insured."

See editor's note to *Davidson* v. *German Ins. Co. of Free-
port,* 13 L. R. A. (N. S.) 884–886.

The construction given the cancellation clause in the Nitsch
case has since been followed by the courts of that state.
*Tisdell* v. *New Hampshire Fire Ins. Co.,* 155 N. Y. 167, 40
L. R. A. 765, 49 N. E. 664; *Buckley* v. *Insurance Co.,* 188
N. Y. 399, 13 L. R. A. (N. S.) 889, 81 N. E. 165. In the
latter case the court said:

"If the insurance company desires to cancel it must, as we
have held in the cases cited, not only give the notice required,

but accompany it by the payment or tender of the *pro rata* amount of the unearned premium; it cannot legally demand of the insured the surrender of the policy and its cancellation until this is done.''

In *Taylor* v. *Insurance Company*, 25 Okl. 92, 138 Am. St. Rep. 906, 105 Pac. 354, the same contract as we here have was before the court for construction. In that case the court said:

''If the construction contended for by the defendant in error is correct, the clause was intended to read as follows: 'If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that, when this policy is canceled by this company by giving notice (on surrender of this policy), it shall retain only the *pro rata* premium.' Without the interpolation of the words 'on surrender of this policy' in the last clause, there is an ambiguity, and there is equal reason for the following interpretation: 'If this policy shall be canceled (at any time at the request of the insured), or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that, when this policy is canceled by this company by giving notice, it shall retain only the *pro rata* premium.' When the policy is canceled by giving 'five days' notice of such cancellation,' the company retaining 'only the *pro rata* premium,' this cannot be accomplished without a tender, unless the words 'on surrender of the policy' are read into said clause; and if that was the intention, why repeat the words 'by giving notice'? If that contention is correct, it should have been stated as follows: 'This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that, when this policy is canceled by this company, . . . it shall retain only the *pro rata* premium.' To say the least, the cancellation clause is ambiguous, and when we consider

that the insurer was skilled, not only in the framing, but also the interpretation, of such contracts, and that the insured had no part in the framing thereof, as well as being unskilled in such interpretation, such construction should be adopted as is more favorable to the insured; and especially is this true when the construction contended for by the insurer is not only inequitable, but also unjust.''

Considering that these contracts of insurance are prepared by the companies and that the insured has little or nothing to say or do in the formulation of them, being forced to accept what is offered or take nothing, we heartily indorse the rule universally adopted by the courts of resolving any doubt or ambiguity in favor of the insured. That the contract is ambiguous and of doubtful meaning has been decided by the following cases: *Peoria M. & F. Ins. Co.* v. *Botto,* 47 Ill. 516–519; *Hartford Fire Ins. Co.* v. *McKenzie,* 70 Ill. App. 615–618; *Peterson* v. *Hartford F. I. Co.,* 87 Ill. App. 567–572; *Kinney* v. *Rochester German Ins. Co.,* 141 Ill. App. 543–549; *Kinney* v. *Buffalo German Ins. Co.,* 148 Ill. App. 260; *Kinney* v. *Caledonian Ins. Co.,* 148 Ill. App. 256; *Continental Ins. Co.* v. *Daniel* (Ky.), 78 S. W. 866; *Chrisman* v. *Hartford Fire Ins. Co.,* 75 Mo. App. 310–315; *Taylor* v. *Insurance Co. of North America,* 25 Okl. 92–94, 138 Am. St. Rep. 906, 105 Pac. 354; *Hartford F. I. Co.* v. *Cameron,* 18 Tex. Civ. App. 237, 45 S. W. 158; *Polemanakos* v. *Austin Fire Ins. Co.* (Tex. Civ. App.), 160 S. W. 1134; *Niagara Fire Ins. Co.* v. *Mitchell* (Tex. Civ. App.), 164 S. W. 919. The cases holding to the contrary are almost as numerous: *Mangrum & Otter* v. *Law Union & Rock Ins. Co.,* 172 Cal. 497, 157 Pac. 239; *Straker* v. *Phoenix Ins. Co.,* 101 Wis. 413, 77 N. W. 752–755; *Webb* v. *Granite State Fire Ins. Co.,* 164 Mich. 139–142, 129 N. W. 19; *Davidson* v. *German Ins. Co.,* 74 N. J. L. 487, 12 Ann. Cas. 1065, 13 L. R. A. (N. S.) 884, 65 Atl. 996; *El Paso Reduction Co.* v. *Hartford Fire Ins. Co.* (C. C.), 121 Fed. 937; *Schwarzchild & Sulzberger Co.* v. *Phoenix Ins. Co.,* 124 Fed. 52, 53, 59 C. C. A. 572; *Insurance Co.* v. *Brecheisen,* 50 Ohio St. 542–548, 35 N. E. 53; *Parson & Arbaugh* v. *Northwestern National Ins. Co.,* 133 Iowa, 532, 110 N. W. 907; *Newark Fire Ins. Co.* v. *Sammons,* 11 Ill. App. 230–235.

Although the courts holding that no payment or tender is essential to a cancellation assert with a great deal of con-

fidence that the contract is without ambiguity or doubt, still the fact remains that jurists of great learning, charged with the same solemn duty as they, have come to a different conclusion. It would seem that if the meaning of the contract was so clear, plain and easily grasped and understood as is asserted by those courts holding that no tender or payment of the unearned premium is necessary, there would be no ground for misunderstanding. The mere fact that courts of equal eminence, learning and probity disagree as to the construction to be given the contract would seem to import inherent ambiguity and doubt.

The judgment is affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.