**OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, v. HEALD et al.**
**No. 10085.**

District Court, E. D. Pennsylvania.
Nov. 29, 1939.

H. Rook Goshorn, of Philadelphia, Pa. for plaintiff.

Harry D. Sporkin, of Philadelphia, Pa. for defendant Heald.

KIRKPATRICK, District Judge.

The liability insurer denied liability upon the policy and filed a bill in equity for a declaratory judgment praying "that the Court enter a declaratory judgment * * declaring the rights, liabilities, and legal relations of the parties hereto under the aforesaid policy of insurance." The issue of fact involved was tried to a jury, the verdict was against the plaintiff, and judgment was entered April 25, 1939.

The defendant (insured) attempted to tax, as costs, an attorney fee for the services of his attorney in the declaratory judgment suit. The clerk disallowed the item. The defendant then petitioned, on May 11, 1939, the Court to "allow" his attorney's fees in the amount of $1,000, stating in his petition that he contended that a term of the policy made the insurer liable for this expense.

The suit for a declaratory judgment was based on diversity of citizenship and amount in controversy. The right of the insured to his expenses and attorney's fee incurred, in the declaratory judgment suit, in defending his position that the insurance company was bound to protect him is a matter involving the "rights, liabilities and legal relations of the parties" under the policy. There is no reason why under the new Rules, which the Court now holds applicable to this proceeding, the Court should not grant complete relief to the insured as well as to the insurer.

The Rules provide that "a new trial may be granted to all or any of the parties and on all or part of the issues * * *." Rule 59, 28 U.S.C.A. following section 723c. The Court now directs the opening of the judgment entered and awards a new trial limited to the issue whether, under the policy, the insurer is liable for the insured's attorney fee, and, if so, the proper amount.

The court is of the opinion that the refusal of the Clerk to allow the item as costs was correct. The question is whether the plaintiff is entitled to it under the terms of the policy.