**STANDARD ACCIDENT INS. CO. OF DETROIT, MICH. v. HULL et al.**

No. 10550-C.

United States District Court
S. D. California,
Central Division.

May 24, 1950.

Bauder, Gilbert, Thompson, Kelly & Veatch, Los Angeles, Cal., attorneys for plaintiff.

Cletus J. Hanifin, Los Angeles, Cal., attorney for defendant Amelia Hull.

David Licker, Los Angeles, Cal., attorney for defendant Celia Rogow.

Levy, Bernard & Jaffe, Los Angeles, Cal., attorneys for defendant Wallace Berry.

CARTER, District Judge.

This case presents the question of the liability of an insurance carrier for attorney's fees in a declaratory relief action filed to determine whether or not it must defend an action commenced in the State courts against its assured.

### The Facts

On April 17, 1949, Standard Accident Insurance Company, herein called the Company, issued its "Automobile, bodily injury, liability policy" to Amelia Hull, defendant herein.

The insuring agreements therein contain, under Coverage A—an agreement to pay in behalf of the insured all sums for which the insured shall become legally obligated as damages for bodily injury; and under Coverage C—entitled "Medical Payments" to pay all expenses incurred within one year from the date of accident for necessary medical and related services "to or for each person who sustains bodily injury" caused by accident while in the automobile used by the insured, or with her permission.

The policy also contained a section on exclusions, providing for certain instances where the coverages under A—"Bodily injury liability" and C—"Medical payments" should not apply. The wording of these exclusion provisions are of no interest in this opinion on attorney's fees.

Thereafter on July 23, 1949, while Amelia Hull was riding in the automobile named in the insurance policy, together with Celia Rogow and Wallace Berry, and while Wallace Berry was driving the car with the consent of Amelia Hull, owner, an accident occurred in which Celia Rogow claimed to have sustained personal injuries and out of which accident claims for medical payments under Coverage C of the policy were made against the Company by Wallace Berry and Celia Rogow.

On or about September 13, 1949, Celia Rogow commenced an action in the Superior Court of the State of California against Amelia Hull and Wallace Berry for personal injuries and special damage. The Company, relying upon the exclusion provisions of the policy referred to above, then commenced on November 10, 1948, this action in the District Court for declaratory relief, naming as defendants, Amelia Hull, Celia Rogow and Wallace Berry, and alleging that claims had been made against the Company by them and that the Superior court action had been filed, and praying an adjudication that the Company was not obligated to defend Hull or Berry, owner and driver, or to make the medical payments to Rogow and Berry claimed under Coverage C of the policy.

Issues were drawn and the case tried, resulting in a decision by this court in favor of the defendants and against the plaintiff and deciding in substance that the Company was required to defend the Superior court action, and to make the medical payments provided for in the policy.

Each of the defendants, Hull, Rogow and Berry have filed a counter-claim in which each asks a reasonable attorney's fee for the defense of this action.

Attorney's fees can ordinarily be obtained by a prevailing party against an adverse party only by virtue of:—

1. A statute or a rule of court, or

2. The provisions of a written agreement or contract.

In cases such as Phoenix Indemnity Co. v. Anderson's Groves, Inc., 5 Cir., 176 F.2d 246, attorney's fees were allowed by virtue of a state statute so providing. There is no such statute in California.

The question remains, whether or not the agreement, i. e. the policy of insurance, affords this relief. In London Guarantee & Accident Co., Ltd., v. Shafer et al., D.C., 35 F.Supp. 647, and State Farm Mutual Automobile Ins. Co. v. Brooks, D.C., 43 F. Supp. 870, the basis for the fees were the provisions of the written insurance agreements and the fees were allowed for defending the primary actions and not as fees in the declaratory relief proceedings. A careful reading of Ocean Accident & Guarantee Corp., Ltd., v. Heald et al., D.C.E.D.Pa. 1939, 30 F.Supp. 991, shows that in this case also attorney's fees arose under the policy. The court in that case directed the opening of the judgment and a new trial "limited to the issue whether, *under the policy,* the insurer is liable for the insured's attorney fee, and, if so, the proper amount."

*The claim of Rogow and Berry based on Coverage C—Medical Payments.*

The "insuring agreements" as to Coverage C, Medical Payments, provide as follows:

"Standard Accident Insurance Company * * * agrees with the insured * * * to pay all reasonable expenses incurred within one year from the date of the accident for necessary medical * * * services to or for each person who sustains bodily injury * * * caused by accident while in * * * the automobile if the automobile is being used by the named assured or with his permission."

This, in substance, is an agreement to pay the medical expenses of any person who incurs medical expenses for injury growing out of the accident. Defendant Rogow is referred to in the third cause of action of the complaint, as having claimed medical payments under this clause. Defendant Berry is referred to in the first cause of action as having claimed medical payments under this clause. By their answers and counter claims to the declaratory relief complaint, Rogow and Berry in substance, sued for a determination that the insurance company is obligated to make the payments for the medical services. There is no agreement in the insurance policy to pay the attorney's fees of these claimants under Coverage C, nor can one be spelled out.

*The Claim of Hull and Berry under Coverage A—Bodily injury Liability.*

The "insuring agreements" further provide:—"Standard Accident * * * agrees with the insured * * * under coverage A the Company shall: (a) defend any suit against the insured alleging * * * injury * * * even if such suit is groundless, false or fraudulent * * * (e) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the Company's request * * *."

In "III—Definition of Insured" the word "Insured" includes the named insured (Hull) and any person using the automobile with Hull's permission (Berry).

In the complaint herein the Company in the first cause of action raises the issue of whether it must defend Berry in the state action, and in the second cause, whether it must defend Hull in the state action.

The prayer to plaintiff's complaint reads: "That a writ of subpoena issue * * * to each * * * of the defendants * * * commanding * * * each of them * * * to appear on a day certain, * * * and that said defendants and each of them be required to answer each * * * allegation of this suit * * * and to set forth * * * their * * * contentions and claims in respect to the controversy herein * * *."

Thus, the plaintiff, when asked by Hull and Berry to defend the damage action in the state court, brought this declaratory relief action. Had defendants been required to defend the damage action at their expense they would have been entitled to recover for breach of contract, all expense incurred, including attorney's fees expended or for which they became obligated. (See cases cited above.)

**Query 1:** Has plaintiff, by bringing suit for declaratory relief breached its contract to defend so as to entitle defendants Hull and Berry to attorney's fees?

We think not. The plaintiff Company has not made an unequivocal refusal. It has availed itself of a remedy to determine whether it must defend the state damage action. In any event, Hull and Berry have not paid or expended money or incurred obligations for attorney's fees for the defense of the state action. They seek only fees for their defense of this action in declaratory relief.

**Query 2:** Do the fees of attorneys for Hull and Berry constitute reasonable expenses, "incurred at the Company's request" by the insured, in view of (1) The act of the Company in filing action for declaratory relief, naming Hull and Berry as defendants, and causing them to be served with process; (2) The prayer of plaintiff's complaint, not merely *requesting* but *requiring* defendants to appear and set up their claim.

Our answer is yes. The language of the plaintiff's agreement is clear and the record shows Hull and Berry employed attorneys and incurred obligations for attorney's fees herein.

Counsel for Rogow insists that this declaratory relief action is within the equity jurisdiction of the court and that the court has power to award attorney's fees to Rogow. He cites Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184, and argues that by his defense of this action he has "preserved a fund."

Assuming without deciding the premises on which his argument rests, the contention is without merit since Rogow is seeking an award of attorney's fees against an adverse party and not against the alleged fund.

Accordingly, attorney's fees will be allowed to Hull in the sum of $750.00 and to Berry in the sum of $750.00; allowance of attorney's fees will be denied as to Celia Rogow.

The defendants will prepare findings and judgment.