JOANNE KAPAHUA *v.* HAWAIIAN INSURANCE
AND GUARANTY COMPANY, LIMITED and
JOSEPH MOSSMAN.

No. 4744.

NOVEMBER 27, 1968.

RICHARDSON, C.J., MARUMOTO, ABE AND
LEVINSON, JJ., AND CIRCUIT JUDGE KING
ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY RICHARDSON, C.J.

The sole question before this court is whether an insurance company or its agent is negligent toward an insured when neither it nor its agent gives the insured notice of the expiration of her automobile insurance policy and it does not automatically renew the policy upon expiration.

Plaintiff purchased automobile insurance from the defendant insurance company through the defendant Mossman, its agent, for the stated term of May 9, 1966, to May 9, 1967. The contract contained no grace period provision nor any provision that notice of expiration would be sent. Plaintiff sued for damages incurred in an accident which occurred on May 26, 1967, on the theory that defendants were negligent in their alleged duty, derived from an implied contractual duty determined by custom in the insurance industry, to notify her of the expiration of the policy, or to renew her policy automatically.

The trial court directed the jury to find for defendants be-

cause it found as a matter of law that defendants had no legal duty of notification or automatic renewal.

We affirm.

Hawaii law requires all terms of an insurance contract to be in writing. Since the insured is charged with knowledge of the stated expiration date, neither the insurer nor its agent has a legal duty to give notice of expiration or to renew the policy automatically.

Section 181-425, R.L.H., specifically provides that:

(a) No agreement in conflict with, modifying, or extending any contract of insurance shall be valid unless in writing and made a part of the policy.

(b) No insurer or its representative shall make any insurance contract or agreement relative thereto other than as is plainly expressed in the policy.

(c) The requirements of this section shall not apply to the granting of additional benefits to all policy-holders of an insurer, or a class or classes of them, which do not require increases in premium rates or reduction or restrictions of coverage.

The legislative history of Hawaii's insurance law is meager. From the general expression of intent, we gather that a prime objective had been to enact a state insurance law in order to avoid federal controls in the area. The reporting committee merely stated a desire to control the insurance industry and to protect the public. 1955 House Journal 774, 802. Nowhere in the statute or its legislative history is there anything to indicate a deviation from general insurance law.

"No duty rests upon the insurer to notify the insured of the time when a premium falls due, unless such notice be required by statutory enactment or by agreement of the parties or unless, according to some courts, the insurer has by custom or course of dealing with the particular insured led him to believe that a notice of premium due will be sent." Vance on *Insurance*, sec. 55 (3d ed. 1951).

"\* \* \*. Unless the policy contains a grace period it will expire according to its terms if not renewed by payment of the premium as provided by the policy, in the absence of any requirement for affirmative action to terminate it." 7 Blashfield, *Automobile Law and Practice*, sec. 293.2 (3d ed. 1966).

The automobile policy in question clearly lacked any promise that the agent or insurer would notify insured of the expiration of her policy or would automatically renew the policy. For a court to impose such a duty would violate the statute.

When the insurance law of the State of Hawaii was adopted, the legislature seemed primarily concerned with practices of the insurer or its agents which would place greater burdens upon the purchaser. The statute, for example, in effect prohibits the insurer, in the absence of express provision, from automatically renewing a policy of insurance since such action would impose upon the insured, a duty to pay premiums to that company continually.

Subdivisions (a) and (b) of the statute thus protects the consumer against fraudulent and aggressive tactics; at the same time, it preserves and sanctifies the contractual relationship. Both parties are held to strict contractual duties, both parties are protected from impositions by the other.

The advantage of the statutory provisions is that nothing may be presumed. The parties need not guess about their duties and benefits.

In modern times automobile accidents occur daily. It may well be in the public interest that automobile insurance policies should not lapse due to forgetfulness on the part of the insured, or inconsistent action of insurers, and that a duty be imposed upon the insurers to give notice of expiration before terminating the current policies. But, unless expressly written in the insurance contract, such duty may only be imposed by the legislature.

Subsection (c) of the statute under discussion provides for an exception to strict adherence to the policy terms because it provides for reading into a contract implied benefits where the insurer has conferred benefits without discrimination upon a

class or classes of customers without payment of additional premium. This is not such a case. Plaintiff attempted instead to establish a trade custom to give notice or to renew automatically. But the witnesses, who were agents of other insurers, testified that the giving of notice was simply a matter of courtesy on the part of individual agents and insurers, and not a legal obligation. Plaintiff further failed to established any custom as to automatic renewal, the witnesses being aware that the power to renew must be evidenced in writing as required by statute.

Affirmed.

*Stanley H. Roehrig* for plaintiff-appellant.

·*George R. Ariyoshi* and *Norman H.·Suzuki* for defendants-appellees.