David G. HOEFLER, Appellee,

v.

FARM AND CITY INSURANCE COMPANY, a Corporation, Appellant,
and
Delos A. Dorweiler, Defendant.

No. 54772.

Supreme Court of Iowa.

Jan. 14, 1972.

Duncan, Jones, Riley & Davis, Des Moines, and C. J. May, Jr., Dubuque, for appellant.

Fuerste & Carew, Dubuque, and Jenk, Jenk & Goen, Dyersville, for appellee.

O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque, for Delos A. Dorweiler.

LeGRAND, Justice.

This is an interlocutory appeal under rule 332, Rules of Civil Procedure, from an order on an application for adjudication of law points under rule 105, R.C.P. The appeal involves the construction of an insurance policy issued by defendant, Farm and City Insurance Company, to plaintiff, David G. Hoefler. The agent who sold the policy, Delos A. Dorweiler, is also a defendant, but he is not a party to this appeal. We reverse the trial court.

On February 22, 1967, defendant company issued its policy of insurance covering plaintiff against liability resulting from

the operation of his automobile. The policy contained the following provision:

"Policy period 12:01 Standard Time each date from *2–22–67* to *5–22–67.*

"The term of this policy shall be as of 12:01 A.M. Standard Time as to each of the dates given hereon, *and for such terms thereafter as the required renewal premium is paid by the insured on or before the expiration of the current term and accepted by a duly authorized representative of the company.*" (Emphasis added.)

The sole question for our determination is the meaning of the italicized portion of the policy. The parties agree the issue is simply this: Was the policy issued by defendant to plaintiff for a definite period or an indefinite one?

If for an indefinite period, then plaintiff was entitled to notice under section 515.80, The Code, which provides as follows:

"No policy or contract of insurance * * shall be forfeited or suspended for nonpayment of any premium, assessment, or installment provided for in the policy, * * unless within thirty days prior to, or on or after the maturity thereof, the company shall serve notice in writing upon the insured that such premium, assessment, or installment is due or to become due * * * which may be made in person, or by mailing in a certified mail letter addressed to the insured at his post office as given in or upon the policy, and no suspension, forfeiture, or cancellation shall take effect until the time thus fixed and except as herein provided, anything in the policy, application, or a separate agreement to the contrary notwithstanding."

It is conceded the notice required by this section was not given. Defendant argues, however, that the statute has no application because this is not a suspension, forfeiture or cancellation but merely the expiration of a policy under its specific terms. Defendant argues further that the case is governed by rule 9, Rules of the Insurance Department. (Iowa Departmental Rules, 1966; now appearing as rules 16.1(1) and 16.1(2), I.D.R., 1971.) The rule is in part as follows:

"A contract of insurance may specifically provide for a specific term of duration, in which event the contract automatically expires at the end of that term, without the giving of any notice. For illustration, a policy written for a term of one year with the premium paid in advance automatically expires at the end of the year."

It is conceded that this rule is a proper exercise of the broad authority granted to the Commissioner of Insurance under section 505.8, The Code, and is controlling if the policy here is for a "specific term of duration." We therefore must decide which is decisive—section 515.80 of The Code or rule 9 of the Insurance Department's rules.

After the policy was originally issued on February 22, 1967, it was renewed for three similar periods of three months each. Thereafter no further payments were made and defendant insists the policy terminated by its specific terms.

Of course this matter would not be here except that plaintiff was thereafter involved in an accident and was denied coverage by the defendant company.

The last premium was paid on November 22, 1967, for a three month period which expired on February 22, 1968. The accident occurred in June 1969. After coverage was denied, plaintiff paid $10,000.00 in settlement of a wrongful death action and also incurred attorney fees in the amount of $750.00. He seeks to recover $10,750.00 for the amounts expended by him.

The trial court ruled the policy was still in force because of defendant's failure to give notice under section 515.80. The order appealed from held the policy did not expire at the end of each three-month period for which a premium was paid in advance and consequently did not provide for a

"specific term of duration." The court ruled in part as follows:

"[The policy of insurance] is not specific at all but has, instead, an automatic renewal provision that keeps on operating as long as the renewal premium is paid.

"Clearly, when the renewal premium is not paid, the duty should be on the company to notify the insured that they didn't get it.

"It is therefore ordered, adjudged and decreed, in accordance with R.C.P. 105, that the notice required by section 515.80 of The Code of Iowa must have been given to terminate the policy described * * * in the petition at law."

The question here is one of policy construction. We have stated that insurance policies should be construed as an ordinary man would understand the language used and not as a technical insurance expert would interpret it. We have also said that doubt or ambiguity in an insurance policy is to be construed strictly against the insuror and liberally in favor of the insured. Goodsell v. State Automobile and Casualty Underwriters, 261 Iowa 135, 140, 153 N.W. 2d 458, 461 (1967), and citations; State Automobile and Casualty Underwriters v. Hartford Accident & Indemnity Co., 166 N.W.2d 761, 763 (Iowa 1969).

■ However, this does not mean that we may undertake to make a new policy for the contracting parties whenever we deem that course desirable. We can apply the rules of construction only when there is ambiguity or uncertainty in the contract terms. Archibald v. Midwest Paper Stock Co., 260 Iowa 1, 8, 148 N.W.2d 460, 464 (1967); Mopper v. Circle Key Life Insurance Co., 172 N.W.2d 118, 124, 125 (Iowa 1969) and citations.

■ We find no ambiguity or uncertainty here. The policy was written for a definite and certain period. Both starting and terminating dates were given with certainty. There could be no possible misunderstanding about the term of the policy or its expiration date.

Plaintiff relies strongly, as did the trial court, on the provisions under which the policy could be renewed. We fail to see how the language relied on here can be said to have enlarged the term for which it was written. If this provision did anything, it emphasized to the policy holder that his policy expired on a date certain and that affirmative action by *both* parties was necessary to continue the coverage thereafter. We cannot agree with the trial court that the policy provided for "automatic" renewal.

We hold the policy issued by defendant was for a "specific term of duration" and that, under rule 9 of the Insurance Department's regulations above referred to, defendant company was not required to give the notice provided for in section 515.80. The order of the trial court is reversed.

Reversed.

All Justices concur, except BECKER and REYNOLDSON, JJ., who dissent, and HARRIS, J., who takes no part.