535 P.2d 46

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Appellant,**

v.

**Fred F. O'BRIEN, Appellee.**

**No. 2 CA–CIV 1759.**

Court of Appeals of Arizona, Division 2.

May 15, 1975.

Rehearing Denied June 17, 1975.
Review Denied Sept. 18, 1975.

Fish, Briney, Duffield & Miller, P. C., by Richard C. Briney, Tucson, for appellant.

Schroeder, Soelter & Rosenthal, P. C.. by J. Marc Montijo, Tucson, for appellee.

## OPINION

KRUCKER, Judge.

Appellee, Fred F. O'Brien, filed a complaint for declaratory judgment against State Farm Mutual Automobile Insurance Company seeking a declaration that the policy for automobile liability insurance issued to him for the period of November 13, 1972 to March .26, 1973 was in full force and effect and provided full coverage for the accident in which he was involved April 6, 1973. Judgment was entered in favor of appellee and the insurer now brings this appeal.

Appellant raises two issues on appeal:

(1) Did the insurance policy expire by its terms on March 26, 1973, by reason of the appellee's failure to pay the renewal premium prior to the said expiration date?

(2) Were attorney's fees improperly awarded to appellee?

The insurance policy in question was issued by State Farm to appellee as a replacement policy. The policy period was to extend from November 13, 1972 to March 26, 1973. At no time prior to the expiration of the aforementioned "current policy period" did the policyholder-appellee pay the renewal premium which would have continued the coverage for a succeeding period of six months.

On April 14, 1973 appellee mailed to appellant his check in the sum of $113.00 and, while driving the automobile described in the aforesaid policy, appellee was involved in an automobile accident on April 6, 1973. By letter, appellant's underwriting supervisor informed appellee that his coverage had expired at the end of the day, March 26, 1973, for failure to pay the premium when due and returned appellee's check. At no time prior to the expiration date of the policy period, i. e., March 26, 1973, did appellee receive any written notice from the insurer that the policy period would expire on a specified date, that a renewal premium was payable by said date, or that the policy had been cancelled by the company.

It is appellant's contention that the policy lapsed for non-payment of premium in accordance with the provisions of that part of the policy captioned "DECLARATIONS", which reads:

"1. POLICY PERIOD: The policy shall be as shown under 'Policy Period' *and for such succeeding periods of six months each thereafter as the required renewal premium is paid by the named insured* on or before the expiration of the current policy period. The 'Policy Period' shall begin and end at 12:01 A. M. standard time at the address of the named insured as stated herein. The premium shown is for the policy period and coverages indicated in the declarations." (Emphasis added)

Appellee contends that what is involved in the instant case is a "cancellation" of coverage requiring prior written notice by the company under the provisions of that part of the policy captioned "POLICY CONDITIONS", which reads:

"17. Cancellation.

\* \* \* \* \* \*

In the event the policy is cancelled during the first 60 days following the effective date of the policy, the Notice of Cancellation shall be mailed to the named insured not less than 10 days prior to the effective date of such can-

cellation. *After the policy has been in force for 60 days, subsequent notice of cancellation for non-payment shall be mailed to the named insured not less than 10 days prior to the effective date thereof.* Notice of any other cancellation shall be mailed to the named insured not less than 30 days prior to the effective date thereof." (Emphasis added)

In dealing with the instant case, certain general principles are applicable. First, a contract is read as a whole, and the intention of the parties as derived from the language of the policy itself must prevail. State Farm Mut. Auto. Ins. Co. v. Transport Indem. Co., 16 Ariz.App. 49, 490 P.2d 1177 (1971); Fireman's Fund Ins. Co. v. New Zealand Ins. Co., 103 Ariz. 260, 439 P.2d 1020 (1968). It is not the prerogative of the court to rewrite an insurance policy in an attempt to avoid possible harsh results. Lawrence v. Beneficial Fire & Casualty Ins. Co., 8 Ariz.App. 155, 444 P.2d 446 (1968). Any ambiguity in the cancellation clause of an insurance policy will be resolved in favor of the insured. Hartford Fire Ins. Co. v. Stephens, 18 Ariz. 339, 161 P. 684 (1916). And, to determine whether ambiguity exists, the language of the policy should be examined from the viewpoint of one who is not trained in law or in the insurance business. Heard v. Farmer's Insurance Exchange Company, 17 Ariz.App. 193, 496 P.2d 619 (1972); Droz v. Paul Revere Life Insurance Co., 1 Ariz.App. 581, 405 P.2d 833 (1965).

In reviewing the various policy provisions, we find that the trial court was jus-tified in holding that the provisions are ambiguous and therefore should be construed in a manner most favorable to the insured. The appellant's contention that the policy automatically expired at the end of the policy period is clouded by that clause which states that cancellation for nonpayment shall not occur without prior notice.[1] Also, we have noted that additional portions of "Policy Provisions", No. 17, seem to imply that failure to make a renewal premium payment will give rise to a "right to cancel" as opposed to appellant's assertion of an automatic "expiration". The applicable section reads:

*"After this policy has been in effect for sixty days, or if the policy is a renewal, effective immediately, the company shall not exercise its right to cancel or fail to renew the insurance afforded under this policy solely because of age or unless:* .

*A. The named insured fails to discharge when due any of his obligations* in connection with the payment of premium for this policy or any installment thereof whether payable directly or *under any premium payment plan."* (Emphasis added)

It is important to note that the preceding passage indicates that the company regards the failure to make payment as a condition which gives rise to a right to "cancel" where the insured fails to make a premium payment "under any premium payment plan" as opposed to causing an automatic expiration. Payment of a renewal premium pursuant to the terms outlined in "Dec-

---

1. The applicable portion of the policy reads as follows:

"17. Cancellation. The named insured may cancel this policy by mailing to the company written notice stating when thereafter such cancellation shall be effective.

The company may cancel this policy in accordance with the terms hereof by written notice, addressed to the named insured and mailed to his address last known to the company or its authorized agent stating when cancellation shall be effective. Such notice of cancellation shall be sufficient notwithstanding the death of the named insured.

"In the event the policy is cancelled during the first 60 days following the effective date of the policy, the Notice of Cancellation shall be mailed to the named insured not less than 10 days prior to the effective date of such cancellation. After the policy has been in force for 60 days, subsequent notice of cancellation for non-payment shall be mailed to the named insured not less than 10 days prior to the effective date thereof. Notice of any other cancellation shall be mailed to the named insured not less than 30 days prior to the effective date thereof."

larations", No. 1 Policy Period, which appellant relies upon to support its "expiration" interpretation, would arguably seem to fall within the all-inclusive phrase "any premium payment plan".

Thus, when appellee failed to make his renewal payment pursuant to the terms of the policy, the above-quoted clause would suggest that a right to cancel, for the failure to make payment under "any premium payment plan", arose. Once the right to cancel arises, the cancellation clause would then appear to be applicable with its notice requirements. Having failed to meet the notice requirement, appellant has failed to satisfy the apparent condition precedent to claim a forfeiture. *See,* Couch on Insurance 2d, § 30.127 (1960).

 Thus, it reasonably appears that appellant's policy has imposed a duty to give the insured notice that he is no longer covered. This point is a significant distinction because it sets the instant policy apart from the ordinary term policy which

could expire without notice and makes reference to cases interpreting the usual term policy inappropriate. *See,* Couch on Insurance 2d, § 32:69 (1961). We acknowledge that appellant's interpretation of the language of the policy is not completely without merit. Nevertheless, the policy is at best ambiguous and therefore must be construed in a light most favorable to the insured.[2]

 Appellant challenges the judgment on the grounds that an actual controversy does not exist in the instant case and therefore declaratory relief was inappropriate. We find no merit to this assertion. *See,* Kepner v. Western Fire Insurance Company, 109 Ariz. 329, 332, 509 P.2d 222 (1973); 22 Am.Jur.2d Declaratory Judgments § 46.

 Appellant's final contention is that attorney's fees should not have been awarded to appellee and we agree. In United States Fidelity and Guaranty Co. v. Frohmiller, 71 Ariz. 377, 227 P.2d 1007

2. The dissent relies heavily upon Hoefler v. Farm and City Insurance Company, 193 N.W. 2d 538 (Iowa 1972) and Hensley v. Aetna Casualty and Surety Company, 200 N.W.2d 552 (Iowa 1972). These cases are distinguishable from the instant case on the facts. In *Hoefler* and *Hensley* the Iowa Supreme Court was called upon to determine whether the policies were for a definite period, and thus not requiring any *statutory* notice prior to expiration, or an indefinite period which would necessitate compliance with the statutory requirement of notice. From the opinions it does not appear whether the insurance policies had any contractual notice requirement as the instant case.

In the present case, however, there is the significant modifying language of condition No. 17 which treats a failure to make payment "under any premium payment plan" as giving rise to a right to "cancel", thereby bringing into play the appropriate cancellation notice provision. And, in the instant case, there is only one form of premium payment plan and this is by means of the renewal premium.

We suspect that the Iowa Supreme Court in its opinion felt constrained to avoid imposing a statutory scheme for giving notice where the parties had manifested a clear intent to enter into a purely term policy. As to the instant case, we are obligated to give the language of the policy its fullest meaning and construe its

terms in a light most favorable to the insured when there is a conflict in sections which gives rise to ambiguity.

The dissent's observation that it is common practice to issue insurance for a limited term with automatic expiration is correct. A divergence occurs as to the degree of significance to be placed on condition No. 17 which seems to make ambiguous, when construed with the "policy period" clause, the conditions precedent to termination of coverage.

Furthermore, the dissent's reliance upon Kapahua v. Hawaiian Insurance and Guaranty Co., 50 Haw. 644, 447 P.2d 669 (1968) is inappropriate. In *Kapahua* the following observation is made:

"In modern times automobile accidents occur daily. It may well be in the public interest that automobile insurance policies should not lapse due to forgetfulness on the part of the insured, or inconsistent action of insurers and that a duty be imposed upon the insurers to give notice of expiration before terminating the current policies. But, unless expressly written in the insurance contract, such duty may only be imposed by the legislature." 447 P.2d at 671.

Condition No. 17 would seem to meet the contractual provision requirement enunciated above.

(1951), the general rule was stated that attorney's fees are not recoverable where there is no contractual or statutory basis for their award. The exceptions to the general rule stated in *Frohmiller* are not applicable here. A.R.S. § 12–1840 provides that the court may, in declaratory actions, award costs as may seem just and equitable. "Costs" do not include attorney's fees pursuant to the declaratory judgments act. Rocky Mountain Fire & Casualty Company v. Rose, 62 Wash.2d 896, 385 P.2d 45 (1963); 20 Am.Jur.2d Costs § 72; 22 Am. Jur.2d Declaratory Judgments § 101. Furthermore, no special exception is recognized for actions on an insurance policy. Couch on Insurance 2d §§ 58:113, 78:170. We hasten to add that we do not necessarily find that the same would be true if the facts were reversed, wherein the insured defended against declaratory relief sought by the insurer. Standard Accident Ins. Co. of Detroit v. Hull, 91 F.Supp. 65 (D. C.Cal.1950); Occidental Fire & Casualty Co. v. Cook, 92 Idaho 7, 435 P.2d 364 (1967); *but see,* Carroll v. Hanover Insurance Company, 266 Cal.App.2d 47, 50, 71 Cal.Rptr. 868 (1968).

For the foregoing reasons, the judgment of the trial court is affirmed in its finding that the insurance policy was in effect and provided coverage for the April 6, 1973 accident. The trial court is reversed as to its award of attorney's fees.

HATHAWAY, J., concurring.

HOWARD, Chief Judge (dissenting).

The majority opinion takes an otherwise unambiguous insurance policy and creates an ambiguity out of whole cloth. The policy period clause set forth in the policy is as follows:

"The policy period shall be as shown under 'Policy Period' and for such succeeding periods of six months each thereafter as the required renewal premium is paid by the named insured on or before the expiration of the current policy period. The 'Policy Period' shall begin and end at 12:01 A.M., standard time at the address of the named insured as stated herein. . . . . "

The policy period specified in the policy is from November 13, 1972 to March 26, 1973. For this six months' coverage the appellee had paid a premium of $128.20.

On April 4, 1973, when appellee sent his check, the policy had *expired.* It is apparent by the position of the majority that the policy is automatically renewed if the insurer does not give the insured 10 days' notice under Condition 17. (The policy has been amended and the condition is now found in Amendment 6167.1Y.) The majority consistently fails to distinguish between *cancellation* and *renewal.* Amendment 6167.1Y clearly and unambiguously applies only to the cancellation of policies that are still in effect and not to *policies which have expired.* On point are the cases of Hoefler v. Farm and City Insurance Company, 193 N.W.2d 538 (Iowa 1972) and Hensley v. Aetna Casualty and Surety Company, 200 N.W.2d 552 (Iowa 1972).

In *Hoefler* the policy provided:

" 'The term of this policy shall be as of 12:01 A.M. Standard Time as to each of the dates given hereon, *and for such terms thereafter as the required renewal premium is paid by the insured on or before the expiration of the current term and accepted by a duly authorized representative of the company.'* (Emphasis added.)" 193 N.W.2d at 539.

The policy period, when originally issued, was for three months. The policy provision was authorized by Rule 9, Rules of the Iowa Insurance Department.[1] The Iowa Code, § 515.80 provided:

"No policy or contract of insurance * * * shall be forfeited or suspended for non-payment of any premium, assessment, or installment provided for in the policy, * * * unless within thirty days prior to, or on or after the maturity

---

1. A.R.S. § 20–1632 (B) allows the insurer to fail to renew a policy for non-payment of premium without first giving a 10-day notice.

thereof, the company shall serve notice in writing upon the insured that such premium, assessment, or installment is due or to become due * * * which may be made in person, or by mailing in a certified mail letter addressed to the insured at his post office as given in or upon the policy, and no suspension, forfeiture, or cancellation shall take effect until the time thus fixed and except as herein provided, anything in the policy, application, or a separate agreement to the contrary notwithstanding."

After the policy was originally issued, it was renewed for three similar periods each. Thereafter no further payments were made. The last premium was paid on November 22, 1967, for a three-month period which expired on February 22, 1968. The question presented was whether the failure to give the notice required by the Iowa Code meant that the policy was still in effect when the accident occurred. The lower court in *Hoefler* had ruled in part as follows:

" '[The policy of insurance] is not specific at all but has, instead, an automatic renewal provision that keeps on operating as long as the renewal premium is paid.

'Clearly, when the renewal premium is not paid, the duty should be on the company to notify the insured that they didn't get it.

'It is therefore ordered, adjudged and decreed, in accordance with R.C.P. 105, that the notice required by section 515.80 of The Code of Iowa must have been given to terminate the policy described * * * in the petition at law.' " 193 N.W.2d at 540.

The Iowa Supreme Court, in reversing the lower court, stated:

"The question here is one of policy construction. We have stated that insurance policies should be construed as an ordinary man would understand the language used and not as a technical insurance expert would interpret it. We have also said that doubt or ambiguity in an insurance policy is to be construed strictly against the insuror and liberally in favor of the insured. Goodsell v. State Automobile and Casualty Underwriters, 261 Iowa 135, 140, 153 N.W.2d 458, 461 (1967), and citations; State Automobile and Casualty Underwriters v. Hartford Accident & Indemnity Co., 166 N.W.2d 761, 763 (Iowa 1969).

However, this does not mean that we may undertake to make a new policy for the contracting parties whenever we deem that course desirable. We can apply the rules of construction only when there is ambiguity or uncertainty in the contract terms. Archibald v. Midwest Paper Stock Co., 260 Iowa 1, 8, 148 N.W.2d 460, 464 (1967); Mopper v. Circle Key Life Insurance Co., 172 N.W.2d 118, 124, 125 (Iowa 1969) and citations.

We find no ambiguity or uncertainty here. The policy was written for a definite and certain period. Both starting and terminating dates were given with certainty. There could be no possible misunderstanding about the term of the policy or its expiration date.

\* \* \* \* \* \*

We hold the policy issued by defendant was for a 'specific term of duration' and that, under rule 9 of the Insurance Department's regulations above referred to, defendant company was not required to give the notice provided for in section 515.80. . . ." 193 N.W.2d at 540.

In *Hensley* the court quotes with approval the aforementioned language of *Hoefler* and held that the policy was for a "definite and certain period", terminated by its own specific terms, and no notice under Iowa Code § 515.80 was required.

I find nothing in the case at bench to distinguish it from the Iowa cases. *Notice of cancellation is not required of a policy which has already expired by its own terms.*

The majority considers that this policy, since it is for six months and is renewable upon payment of the renewal premium, has a premium payment plan within the mean-

ing of the cancellation provision. This is clearly not so. Automobile insurance policies are frequently written for short periods such as six months or a year with provisions for renewal for a like term upon payment and acceptance of the premium prior to the expiration of the current policy period. 7 Blashfield Automobile Law and Practice § 293.2, p. 250 (1966). Had the policy been for a one-year period, with semi-annual or quarterly payments, then there would be a premium payment plan which would prevent cancellation without the proper notice.

If the majority opinion is allowed to stand it would mean that the insurance company could foist an unwanted policy upon the insured. If the company does nothing and the insured does not pay the premium, the company could wait for six months after the period and then charge the insured for the premium since the policy, under the majority's reasoning, would still be in existence. This is an absurd result and its undesirability was recognized in Kapahua v. Hawaiian Insurance and Guaranty Co., 50 Hawaii 644, 447 P.2d 669 (1968). The renewal provision in the policy is nothing more than an offer which the insured must accept.

This policy is clear and unambiguous but has been emasculated by a majority opinion unsupported by any authority.

I would reverse the judgment of the trial court and order it to enter judgment for the defendant.