**Mac Rolling GIBSON, Appellee,**

v.

**MILWAUKEE MUTUAL INSURANCE COMPANY, Appellant.**

**No. 60454.**

Supreme Court of Iowa.

May 17, 1978.

Lawrence E. Blades and Iris E. Muchmore, of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

Emmit J. George, of Cahill, Johnston, Poula & Goetz, Iowa City, for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, REES, and HARRIS, JJ.

HARRIS, Justice.

This is a dispute between a motorist and an insurance company on the question of whether an automobile insurance policy lapsed prior to an accident. The trial court determined the policy had not lapsed and hence the company was liable on the policy for failure to serve statutory notice of termination. The insurance company appeals. We affirm the trial court.

Both parties filed motions for summary judgment. The pleadings and answers to various interrogatories disclose the provisions of the policy, the notices given and not given, the fact of the accident, and the extent of damages. The controlling question is whether the policy lapsed.

On December 4, 1973 Mac Rolling Gibson (plaintiff) and the Milwaukee Mutual Insurance Company (defendant) entered into an insurance agreement on a 1973 automobile. The policy demanded payments at six month intervals. The first interval was from December 4, 1973 to June 4, 1974. The policy was subsequently extended twice. On January 21, 1975 coverage under the policy was afforded to a 1974 automobile.

About 30 days prior to June 4, 1975 defendant mailed a premium notice to plaintiff, by ordinary mail, stating a policy period from June 4, 1975 to December 4, 1975 and a premium due date of June 4, 1975. No such premium payment was made by plaintiff. A reminder notice was mailed by defendant to plaintiff June 4, 1975, again by ordinary mail, stating no premium payment had been received and also stating the

policy would continue without interruption if the premium due were received within a 15 day grace period. After no premium was received plaintiff was sent a lapse notice indicating plaintiff's failure to pay the renewal premium had resulted in a lapse of the policy effective the due date shown.

Plaintiff denies receiving these notices and further takes the position it would make no difference if he had because they did not comply with either the terms of the policy or § 515.80, The Code. Defendant relies on our opinions in *Hoefler v. Farm and City Insurance Company*, 193 N.W.2d 538 (Iowa 1972) and *Hensley v. Aetna Casualty and Surety Company*, 200 N.W.2d 552 (Iowa 1972) as authority for its position that no statutory notice was necessary because the policy had lapsed.

■ I. Defendant is on solid ground in arguing compliance with § 515.80 was unnecessary if the policy had lapsed. *Hoefler* and *Hensley* make it clear, where a policy is for a set term, it lapses at the expiration of the term even though the insurer might consent to additional periods upon payment of further premiums. Our question is whether the policy in the instant case so provided.

The trial court ruled there was nothing in the instant policy which indicated it was to lapse after six months unless premiums were paid. Such indications appear only in the premium notices by which the policy was twice extended. But the trial court held such notices could not become part of the policy and form the parties' definition of the policy period.

Defendant attacks this pivotal determination by arguing the parties considered the premium notices "the practical equivalent of declaration pages." Indeed the vehicle involved in the accident in question, a substitution for the one described in the origi-

nal policy, is described only in a subsequent premium notice.

■ We find the premium notices did become a part of the insuring agreement. Nevertheless the language contained in the notices does little to aid defendant. Whereas the original policy failed entirely to specify the term was for a six-month period, the later premium notices were, at best, unclear on the subject. While the original policy was silent the notices might be understood either to call for a six-month term or for continuing coverage with payments due at six-month intervals.[1] This lack of clarity amounts to an ambiguity which we must construe against the insurer. *City of Spencer v. Hawkeye Security Insurance Co.*, 216 N.W.2d 406, 408 (Iowa 1974).

The lack of specificity in the insuring agreement in the instant case is in contrast to those in *Hoefler* and *Hensley*.

In *Hoefler* and *Hensley* there was no doubt as to the limited term agreed to by the parties.

The three notices mailed by defendant to plaintiff did not comply with § 515.80. Compliance with that section would require either that the notices be served personally or sent by certified mail.

Neither did the notices comply with the notice provisions of the original policy for cancellation. The policy required written notice not less than ten days prior to the effective date of any cancellation " * * * if the named insured has failed to discharge when due any of his obligations in connection with the payment of premiums for this policy, or any renewal thereof. * * *."

■ Of course notice of termination or cancellation is not required where the policy is lapsed. *Hoefler*, supra, and *Hensley*, supra. However the notices are also some

---

1. The only words from the original policy referring to its duration were: "1. Policy Period, Territory. This policy applies only to accidents, occurrences and loss during the policy period while the automobile is within the United States of America, its territories or possessions, or Canada, or is being transported between ports thereof."

The premium notices contained similar wording indicating policy duration in item 2 of each. The final one will suffice for illustration: "Item 2. From 1/21/75 to 6/04/75. Effective 12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN."

indication of what the parties understood the terms of the contract to be, and cast light on the underlying question of whether we are dealing with a lapse.

We have seen the policy provides a method (not followed here) for cancellation where the insured fails to pay premiums when due. The existence of this provision is significant. It is an indication the arrangement was as plaintiff contends because it is inconsistent with defendant's assertion the policy automatically lapsed upon nonpayment. It is inconsistent for defendant to provide for cancellation of a policy under circumstances which it contends would result in automatic lapse of the policy. It is that same claimed lapse which defendant, in turn, argues makes cancellation unnecessary.

Another factor is some indication that the arrangement did not in clear language call for six-month terms. In addition to insisting they would have been insufficient, plaintiff by affidavit denies receiving the three notices defendant insists it mailed. Attached to plaintiff's affidavit of denial is a check, issued by defendant in the amount of $7.55, payable to plaintiff. Plaintiff claimed receipt of this check was his first notice the policy had been forfeited.

The circumstances of the check do nothing to credit defendant's claim the policy was known to have lapsed. Plaintiff had paid an additional premium when he traded his 1973 vehicle for a 1974 vehicle. An additional premium, in the amount of $7.55, was paid for the additional amount needed to insure the newer and more valuable car from 12/4/74 to 6/4/75.

The accident occurred June 23, 1975. Thereafter plaintiff filed his claim. On July 26, 1975 plaintiff received the $7.55 check. Defendant backdated the check to January 16, 1975. Defendant's act in backdating the check is not directly relevant to the lapse question. But its erroneous date is some indication defendant at the time recognized the confused state of the arrangement as to the term of coverage.

■ Under these circumstances we turn to the principle an insured is afforded protection to the extent he can reasonably expect the terms of the policy to mean. *C & J Fert., Inc. v. Allied Mut. Ins. Co.*, 227 N.W.2d 169, 176–177 (Iowa 1975).

Taking the policy itself we note, as did the trial court, that it does not refer to a lapse period or an expiration period. It does however point out the company could cancel the policy if the insured failed to pay premiums or renewals. Certainly plaintiff would be justified in believing the policy provided for a notice of cancellation and not a lapse if additional premiums were not paid within the six-month period.

Defendant may well have wished to provide for a definite policy period, thereby seeking the best of both worlds. That is, defendant by its policy, and especially by its subsequent premium notices, may have wished for the advantage of an automatic lapse upon default of premium. At the same time defendant may have sought the advantage of a *de facto* arrangement contemplating continuing coverage, with the occasional advantage to defendant occasioned by grace periods (under which a six-month premium would provide for less than six months of actual risk). If this policy were truly one of a succession of independent six-month agreements it could be argued coverage would extend for a full six months from payment. In any event we are bound by the following rules of construction.

"When interpreting ambiguous words in insurance contracts, the language should be interpreted from the viewpoint of an ordinary person, not a specialist or expert. [Authority]. Where insurance contracts require interpretation, the courts will adopt the construction most favorable to the insured. [Authority]. In construction and application of a standardized insurance contract, the courts strive to effectuate the reasonable expectations of the average member of the public who accepts it. [Citing *C & J Fert., Inc. v. Allied Mut. Ins. Co.*, supra.]" *Steinbach v. Continental Western Ins. Co.*, 237 N.W.2d 780, 782 (Iowa 1976).

Under these principles we believe the somewhat ambiguous contract did not lapse automatically on nonpayment of the premium. A termination notice was necessary. It is apparent no such termination notice was given either in accordance with the terms of the policy or the demands of § 515.80, The Code. The trial court was right in so holding.

In summary, *Hoefler* and *Hensley* state general rules that do not apply here. In the instant case we have a policy which does not clearly call for a limited six-month term.

AFFIRMED.