**COMBINED COMMUNICATIONS CORPORATION, an Arizona Corporation, Appellee, Cross-Appellant,**

v.

**SEABOARD SURETY COMPANY, a New York Corporation, Appellant, Cross-Appellee.**

Nos. 79–3114, 79–3120.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 1980.

Decided April 6, 1981.

Donald E. Dyekman, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for Seaboard Surety.

W. Charles Thomson, Craig, Greenfield & Irwin, Phoenix, Ariz., for Combined Comm. Corp.

Before GOODWIN and SNEED, Circuit Judges, and MURPHY *, District Judge.

GOODWIN, Circuit Judge.

Seaboard Surety Company appeals from a summary judgment entered in favor of combined Communications Corporation. Combined Communications cross appeals from the district court's failure to use its suggested form of judgment and from a denial of attorneys' fees.

Seaboard, an insurance underwriter, issued a Broadcasters Liability Policy to Combined Communications to cover damages caused by the insured's radio and television broadcasts. The policy stated that "$5,000 for each claim shall be deducted from the total amount of all sums which the Company agrees to pay...." Multiple plaintiffs sued Combined Communications in three separate actions. Seaboard argues that the $5,000 deductible amount applies to each claim filed by a plaintiff against Combined Communications. Combined Communications contends that only one $5,000 sum is deductible in connection with each liability-producing broadcast. The district court, agreeing with Combined Communications, granted it summary judgment.[1] We reverse.

The dispute is over the meaning of Endorsement 4[2] of the insurance policy. Arizona law requires that unclear or ambiguous insurance contracts be construed most

---

* The Honorable Thomas J. Murphy, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. Jurisdiction for this declaratory judgment action is based upon diversity of citizenship and an amount in controversy exceeding $10,000. 28 U.S.C. § 1332. Affidavits made a part of the record indicate that Seaboard Surety Co. has incurred defense costs in three suits in excess of $25,000. Combined Communications has been billed for those costs, pursuant to Seaboard's understanding that Combined is liable for a $5,000 deductible for each *plaintiff* who sues. Combined has refused to pay more than a $5,000 per suit deductible ($15,000 for the three suits). Therefore, a justiciable controversy in excess of $10,000 exists. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

2. "In consideration of the premium charged for the attached policy, it is hereby understood and agreed as follows:

"(1) $5,000.00, for each claim shall be deducted from the total amount of all sums which the Company agrees to pay on account of indemnity and services under Insuring Agreements 1 and 2 of the policy.

"(2) The terms of the policy, including those with respect to notices, Insured's cooperation and the Company's right to investigate, negotiate and settle any claim or suit, apply irrespective of the application of the deductible amount.

"(3) The Company may incur expense and *may pay any part or all of the deductible* amount to effect settlement of any claim or suit and, upon notification of the action taken, the Insured shall promptly reimburse the Company for its loss and expense payments up to the full amount of the deductible on each claim."

favorably to the insured. *Parks v. American Cas. Co. of Reading, Pa.*, 117 Ariz. 339, 341, 572 P.2d 801, 803 (1977). Non-ambiguous contracts are construed according to their plain and ordinary meaning. *Id.*

The courts may not create ambiguities where none exists, even to avoid "harsh" results. *State Farm Mutual Automobile Ins. Co. v. O'Brien*, 24 Ariz.App. 18, 535 P.2d 46, 48 (Ct.App.1975); *Harbor Ins. Co. v. United Services Auto Ass'n*, 114 Ariz. 58, 559 P. 178, 198 (Ct.App.1976). As several Arizona cases have stated, the "ambiguity" rule of construction becomes applicable only if, after considering all of the provisions of the policy, it is not possible for the court to ascertain the meaning of the language used when applied to the facts before the court. *See, e. g., Stephan v. Allstate Insurance Company*, 26 Ariz.App. 367, 548 P.2d 1179, 1182 (Ct.App.1976); *Maryland Casualty Company v. Clements*, 15 Ariz. App. 216, 487 P.2d 437, 445 (Ct.App.1971). The language of the policy is examined from the viewpoint of one trained neither in law nor in insurance. *State Farm Mutual Auto. Ins. Co. v. O'Brien, supra*, 535 P.2d at 48.

The district court held that the maximum deductible was $5,000 for liability claims arising from any single occurrence, broadcast or series of broadcasts notwithstanding the number of persons seeking recovery in an action or series of actions against Combined Communications as a result of the broadcast. Such policies no doubt can be purchased. But this does not appear to be one of that type.

We do not find the word "claim" to be ambiguous. Endorsement 4 is a short, three paragraph statement about the deductible. "Claim" is used four times in the three paragraphs. Two of those references are to "claim or suit." The juxtaposition of the words "claim" and "suit" makes it clear that in those two instances "claim" means a claim against Combined Communications, the insured, by an injured third party. It is true that the other·two "claims," if read in isolation, might mean either a claim by the insured against the insurer, or a claim

against the insured by an injured third party. This is the way the district court must have read the word, and thus found ambiguity. It strains the contract, however, to characterize the latter two references to "claim" as ambiguous. In such a short paragraph, one would not expect the same word to have two different meanings. This. is particularly true given that "claim" is not used anywhere in the policy as a claim by the insured against the insurer.

Combined Communications argued that "claim" in paragraph one of Endorsement 4 was ambiguous because "sums" referred to "claims by third parties against the insured." Therefore, Combined Communications reasons, "claim" must mean something other than a claim by a third party against the insured. This argument is not convincing. The contract requires that Seaboard provide defense expenses. "Sums" obviously refers not just to the damages paid by the company to third parties, but to the defense costs as well.

As was said in *Harbor Ins. Co. v. United Services Auto. Ass'n, supra*, 559 P.2d at 181, this policy is less than a model of clarity. Nevertheless, the provisions in question adequately express the parties' intent. No real ambiguity exists in this contract. It distorts the contract and bends the law to suggest that the same word is used differently within a sentence, let alone within the same paragraph.

Combined Communications argues that it is unreasonable to have a million dollar aggregate limit on liability for all *claims* arising out of the same offending material while allowing a $5,000 deductible for *each claim*. Because the provision is not ambiguous, however, the insured cannot complain that the contract was not what it intended or expected to get. *Parks v. American Casualty Co. of Reading, Pa., supra*, 572 P.2d at 803. Accordingly, the district court judgment interpreting the deductible clause is reversed.

Because we reverse the judgment for the plaintiff, we do not reach the questions raised on the cross-appeal.