BUDGET RENT–A–CAR, INC., Plaintiff–Counter–Defendant–Appellant,

v.

George HIGASHIGUCHI; Sharon Higashiguchi, Defendants–Counter–Claimants–Appellees,

v.

Alan STAUBER and Tammie Deponte, Defendants.

Nos. 94–15932, 94–16510.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1996.

Submission Deferred Jan. 21, 1997.

Resubmitted March 19, 1997.

Decided March 31, 1997.

Carleton B. Reid, Matthew S. Kohm, Reid, Richards & Miyagi, Honolulu, Hawaii, for plaintiff-appellant.

Michael K. Tateishi, Laureen L. Martin, Tateishi & Apo, Wailuku, Hawaii, for defendants-appellees.

Before: FLETCHER, D.W. NELSON, and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Budget Rent–A–Car Systems, Inc. sought in federal court a declaratory judgment that it had no duty to defend or indemnify Alan Stauber or Tammie Deponte for the injuries George and Sharon Higashiguchi sustained in an incident involving a Budget rental car. The district court found that the amount in controversy did not exceed the $50,000 jurisdictional requirement of 28 U.S.C. § 1332, and granted the Higashiguchis' motion to dismiss for lack of subject matter jurisdiction. Budget appeals the dismissal. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's dismissal of Budget's action because Budget may aggregate its multiple claims against each defendant to reach the jurisdictional amount.

## I.

We recite the facts as accepted by the district court for purposes of its decision. In March 1992, Stauber rented a car from Budget. Under the terms of the Rental Agreement that Stauber signed, Budget extended to Stauber and to any other Authorized Driver liability coverage for bodily injury and property damage. In accordance with Hawaii law, the liability coverage under the Rental Agreement required Budget to indemnify its insureds for "not less than $35,000 for all damages arising out of accidental harm sustained by any one person as a result of any one accident." Haw.Rev.Stat. § 431:10C–301(b)(1) (1991).[1]

After obtaining the rental car, Stauber, accompanied by Deponte, drove to the Higashiguchis' home. When Sharon and her granddaughter, Daphne, approached the car to talk with Deponte, Stauber and Deponte allegedly attempted to abduct Daphne. An altercation ensued. During the altercation Stauber and Deponte allegedly assaulted George and Sharon. Sharon was injured when she was shoved from the car. George was injured when he leaned into the driver's door of the car in an attempt to remove the keys from the ignition. George was thrown against the car and fell to the ground, and Stauber drove the car over George's right foot.

In December 1993, Budget filed a declaratory action in the district court seeking a declaration that it did not owe a duty to defend or indemnify Stauber and Deponte. The Higashiguchis moved to dismiss for lack of subject matter jurisdiction, alleging that the amount in controversy did not exceed $50,000 exclusive of interest and costs. The district court granted the motion, and Budget appeals the dismissal.

## II.

■ We review de novo the district court's dismissal for lack of subject matter jurisdiction. *See United States v. Vasquez–Velasco*, 15 F.3d 833, 838–39 (9th Cir.1994). To justify dismissal, "[i]t must appear to a

legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). A claim in excess of the requisite amount, made in good faith in the complaint, satisfies the jurisdictional requirement. *Id.* at 288, 58 S.Ct. at 590. Events occurring after the filing of the complaint that reduce the amount recoverable below the requisite amount do not oust the court from jurisdiction. *Id.* at 293, 58 S.Ct. at 592.

■ Budget argues that the amount placed in controversy by its declaratory judgment complaint is "the value of the object of the litigation" from its viewpoint as plaintiff. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). Budget therefore contends that its maximum potential liability under the Rental Agreement, $140,000 ($70,000 of coverage each for Stauber and Deponte against claims by each Higashiguchi), is the value of the object of the litigation.

■ Budget's maximum liability under the Rental Agreement is relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, or if the value of the underlying tort claims exceeds the liability ceiling. 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3710 (2d ed. 1985) (hereinafter "Wright & Miller"). Because the applicability of Budget's liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action. *Id.* The Higashiguchis have not disputed Budget's assumption that the value of each of their underlying tort claims against Stauber and Deponte is $35,000 or more. We therefore assume that, at the time of the filing of Budget's complaint, each of the Higashiguchis potentially would have sought at least $35,000 in damages against each of the potential defendants.

■ We need not decide whether Budget may calculate the amount in controversy by

---

1. The 1992 amendment to H.R.S. § 431:10C–301(b)(1), which lowered the coverage require-  ment to $25,000, became effective on January 1, 1993.

aggregating its potential liabilities to different defendants, because we conclude that Budget otherwise satisfies the jurisdictional requirement. A declaratory judgment plaintiff may reach the jurisdictional amount by aggregating its multiple claims against a single defendant. *See Combined Communications Corp. v. Seaboard Sur. Co.*, 641 F.2d 743, 744 n. 1 (9th Cir.1981) (in declaratory action against its insurer, broadcaster was permitted to aggregate claims for coverage that arose from three separate suits against it); 14A Wright & Miller, § 3704. Because Budget could assume at the time it filed its complaint that George and Sharon each might sue both Stauber and Deponte,[2] Budget asserted two claims of nonliability against each Higashiguchi.[3] Budget's two claims against George aggregated to $70,000, as did its two claims against Sharon.[4]

This is not a case in which Budget, through the vehicle of a declaratory judgment action, is creating federal diversity jurisdiction that otherwise would not exist. If both Higashiguchis were to prevail against both Stauber and Deponte in their state tort claims, George and Sharon each could meet the amount in controversy requirement for federal diversity jurisdiction by aggregating their two breach of contract claims against Budget. Thus Budget's claims against each defendant in its complaint exceed the $50,000 amount in controversy requirement in 28 U.S.C. § 1332. We accordingly reverse the district court's dismissal for lack of jurisdiction.

## III.

■ After this case was argued, this court was advised that the Higashiguchis had settled their claim against Stauber and Stauber's personal carrier, State Farm Insurance Company. We therefore asked for supplemental letter-briefing on whether this case had become moot. We are satisfied that, as of this moment, the matter is not moot; Budget was not a party to the settlements and may be subject to actions for indemnity or subrogation based on its policy. Our decision does not, of course, foreclose the district court from considering on remand any other subsequent developments in order to satisfy itself that this controversy remains a live one.

## IV.

■ Because the district court dismissed for lack of jurisdiction, it had no occasion to exercise its discretion whether to entertain this action for declaratory relief in light of potential state-court litigation of underlying issues. *See, e.g., Wilton v. Seven Falls Co.*, — U.S. —, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (district court's decision not to entertain declaratory judgment action in light of pending state proceedings is reviewed for abuse of discretion; no abuse found); *Employers Reinsurance Co. v. Karussos*, 65 F.3d 796, 801 (9th Cir.1995) (district court must decline exercise of declaratory jurisdiction when state proceedings

2. The Higashiguchis' Answer to Budget's Complaint denied Budget's allegations that it did not owe a duty to defend and indemnify Deponte. Because the Higashiguchis did not disavow any claim for indemnification from Budget for injuries inflicted by Deponte, we may consider Budget's potential liability to indemnify Deponte in calculating the amount in controversy. *Cf. Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 701 (S.D.Miss.1988) (finding that the amount in controversy requirement was met because defendant carefully phrased her statement concerning her damages to leave open the possibility of seeking more than the jurisdictional amount).

3. Budget has two claims against George: one claim that it is not liable for indemnification of Stauber and one claim that it is not liable for indemnification of Deponte. Budget has the same two claims against Sharon.

We treat the Higashiguchis as the relevant declaratory judgment defendants because they are the only defendants before us on appeal. The analysis and result would be the same, however, if we considered Stauber and Deponte as defendants.

4. Budget's argument that the district court improperly viewed the controversy as one between the Higashiguchis and Budget arising from their potential tort suits against the insureds, rather than as a contractual dispute between the insureds and Budget, is without merit. If the Higashiguchis were to win tort judgments against Stauber and Deponte, they would be able to sue Budget for breach of its contractual obligations to indemnify Stauber and Deponte. *See* Haw.Rev.Stat. § 431:10C–314.

pending); *Government Employees Ins. Co. v. Dizol,* 108 F.3d 999, 1007, (9th Cir.1997) (district court must exercise discretion whether to entertain declaratory judgment action when state court action was pending at time of filing federal action but was settled later). In the present case, there was no state court action pending at the time Budget filed its complaint; it is not entirely clear from the present record whether a state action was impending and Budget's complaint was filed in anticipation of it. *See Maryland Cas. Co. v. Knight,* 96 F.3d 1284, 1288–90 (9th Cir.1996) (no abuse of discretion for district court to entertain declaratory judgment action when no related state action pending or impending). The absence of pending state proceedings, however, does not relieve the district court from the duty to exercise discretion whether to assume jurisdiction. *Budget Rent–A–Car v. Crawford,* 108 F.3d 1075, 1081, (9th Cir.1997). Upon remand, therefore, the district court should exercise its discretion, in light of relevant factors, whether to entertain this declaratory judgment action.

## V.

The judgment of the district court is reversed, and the matter is remanded for further proceedings consistent with this opinion.[5]

**REVERSED and REMANDED.**

---

**5.** The request of the Higashiguchis for attorneys fees on appeal pursuant to Haw.Rev.St. § 607– 15.5 is denied.