Rollie BARCUME, Plaintiff—
Appellant,

v.

Robert CORTES;  David Bowles;
Melinda Bowles, Defendants—
Appellees.

No. 00–17361.
D.C. No. CV–97–01511–SPK.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2001*.

Decided Dec. 10, 2001.

Before CHOY, SKOPIL and FARRIS,
Circuit Judges.

MEMORANDUM**

---

* This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Rollie Barcume appeals two of the district court's orders in an action for breach of contract. Barcume alleged that David and Melinda Bowles reneged on three agreements concerning the purchase and lease of real property. He obtained a default judgment against the Bowleses, which the district court later vacated pursuant to Fed.R.Civ.P. 60(b)(1) ("Rule 60(b)(1)") and 60(b)(4). The district court then issued an order to show cause asking Barcume to explain why the case should not be dismissed for lack of jurisdiction. The court ultimately dismissed the action, concluding that it did not have subject matter jurisdiction because Barcume did not satisfy 28 U.S.C. § 1332(a)'s amount in controversy requirement. Barcume now appeals the district court's orders vacating the default judgment and dismissing the action against the Bowleses.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the order vacating the default judgment, but reverse the order dismissing the action.

## I. Order Vacating the Default Judgment

We review a district court's ruling on a motion to vacate a judgment pursuant to Rule 60(b)(1) for an abuse of discretion. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir.2001).

Barcume argues that the district court abused its discretion by finding that the Bowleses committed "excusable neglect" sufficient to justify vacating the default judgment under Rule 60(b)(1). He contends that the district court did not properly apply the test for "excusable neglect" set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123

L.Ed.2d 74 (1993) (dealing with "excusable neglect" in the context of a bankruptcy proceeding). *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997) ("[T]he equitable test set out in *Pioneer* applies to Rule 60(b) as well."). He also argues that the district court's finding was contrary to the material facts of the case.

We disagree. The district court expressly applied the equitable test set forth in *Pioneer* and *Briones*, and took into account "all relevant circumstances." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. Moreover, the district court's finding that there was "excusable neglect" is supported by the record. As the district court noted, it is unclear if Barcume properly served the Bowleses. In addition, it appears that the Bowleses had a meritorious defense to Barcume's claims. Finally, there is evidence that the Bowleses failed to appear telephonically at the hearing on the motion for default judgment because they misunderstood the time difference between Hawaii and California. The district court's conclusion that there was "excusable neglect" under Rule 60(b)(1) did not constitute an abuse of discretion, and we affirm its order vacating the default judgment.[1]

## II. Order Dismissing the Action

We review a dismissal for lack of subject matter jurisdiction de novo. *Budget Rent–A–Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir.1997).

The district court decided that it did not have subject matter jurisdiction because 28 U.S.C. § 1332(a)'s amount in controversy requirement was not met.[2] Although Barcume alleged claims in excess of $75,000 in his complaint, the district court found that

---

1. Since vacatur was proper under Rule 60(b)(1), we need not address Barcume's claim that the district court should not have vacated the judgment under Fed.R.Civ.P. 60(b)(4).

2. 28 U.S.C. § 1332's requirement of diverse citizenship is not at issue since it is uncontested that Barcume is a citizen of Hawaii and the Bowleses are citizens of California.

his subsequent decision to ask for a default judgment based on just one of the claims brought the amount in controversy below the jurisdictional minimum and divested the court of subject matter jurisdiction. We disagree.

It is well-settled that a claim in excess of the requisite amount in controversy, made in good faith in the complaint, satisfies the jurisdictional requirement. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir.2000). Events "occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul*, 303 U.S. at 289–90, 58 S.Ct. 586. *See also Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir.1999); *Northeast Clackamas County Elec. Co-op. v. Cont'l Cas. Co.*, 221 F.2d 329, 332 (9th Cir.1955).

In his complaint, Barcume alleged claims against the Bowleses' in excess of $75,000. Since the existence or nonexistence of the required amount in controversy is determined as of the time the complaint was filed, the jurisdictional minimum is satisfied. Moreover, under *St. Paul*, Barcume's later decision to pursue a single claim for less than $75,000 did not divest the district court of jurisdiction. We, therefore, reverse the district court's dismissal for lack of subject matter jurisdiction.

AFFIRMED IN PART, REVERSED IN PART. Each side to bear its own costs.