MEMORANDUM ***
Sentry Insurance appeals the district court’s grant of summary judgment in favor of U.S. Reports, dismissal of the remaining claim, and entry of costs. We have jurisdiction pursuant to 28 U.S.C. § 1291, review the grant of summary judgment de novo, Whitman v. Mineta, 541 F.3d 929, 931 (9th Cir.2008), and affirm.
Sentry argues that it presented sufficient evidence of a chain of causation to survive summary judgment. To prove its negligence, breach of contract and fraud claims, Sentry must establish that the inadequate inspection or misrepresentation is the cause-in-fact, a “substantial factor in bringing about” Sentry’s insurance loss, and that no rule of law relieves U.S. Reports of liability. Hall v. Time Inc., 158 Cal.App.4th 847, 70 Cal.Rptr.3d 466, 472 n. 2 (2008); U.S. Ecology, Inc. v. State, 129 Cal.App.4th 887, 28 Cal.Rptr.3d 894, 910 (2005). We agree with the district court that Sentry’s chain of causation relies on too many speculative links to establish causation. See, e.g. Rinehart ex rel. Combs v. Boys & Girls Club of Chula Vista, 133 Cal.App.4th 419, 34 Cal.Rptr.3d 677, 687-89 (2005); U.S. Ecology, Inc., 28 Cal.Rptr.3d at 910-11. The district court did not err in granting summary judgment on the negligence, breach of contract and fraud claims.
However, the district court erred in dismissing the unfair business practices claim for lack of subject matter jurisdiction and ordering costs. See Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir.1997) (“Events occurring after the filing of the complaint that reduce the *575 amount recoverable below the requisite amount do not oust the court from jurisdiction.”). We reverse that portion of the district court’s order and remand for further proceedings.
Each party shall bear its own costs on appeal.
AFFIRMED in part, REVERSED in part, AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.