NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUSAN LLOYD,

        Plaintiff-Appellant,

  v.

FACEBOOK, INC.; et al.,

        Defendants-Appellees.

No.   23-15318

D.C. No. 3:21-cv-10075-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted July 8, 2024[**]

Before:  BENNETT, BADE, and COLLINS, Circuit Judges.

Susan Lloyd appeals the district court's order granting the motion to dismiss

her third amended complaint filed by Facebook, Inc., Meta Platforms, Inc., and

Mark Zuckerberg (collectively, the Meta defendants).  Lloyd brought claims under

the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

California Unruh Act. Lloyd also asserted fraud, invasion of privacy, negligence/negligent infliction of emotional distress,[1] and breach of contract claims. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court as to the breach of contract claim and affirm as to the other claims.

We review de novo the district court's order granting the motion to dismiss. *See United States v. Struckman*, 611 F.3d 560, 573 (9th Cir. 2010).

1.     We agree with the district court that the ADA claim fails because Facebook is not a place of public accommodation. *See, e.g.*, *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (noting that, for the ADA to apply, there must be "some connection between the good or service complained of and an actual physical place" (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000))).

2.     The Rehabilitation Act claim fails because it does not apply to defendants who are private entities that do not receive federal funds. *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014) (stating that the Rehabilitation Act applies to "organizations that receive federal

---

[1] Under California law, "[n]egligent infliction of emotional distress is not an independent tort; the tort is negligence." *Behr v. Redmond*, 123 Cal. Rptr. 3d 97, 110–11 (Ct. App. 2011).

2

funds").[2]

3.     "[T]o establish a violation of the Unruh Act independent of a claim under the [ADA], [the plaintiff] must 'plead and prove intentional discrimination in public accommodations in violation of the terms of the [Unruh] Act.'" *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014).  Lloyd, however, failed to sufficiently allege that the Meta defendants engaged in "willful, affirmative misconduct." *Id.*

Lloyd makes the conclusory assertion that "Defendants acted with discriminatory intent towards Lloyd for the sole purpose of financial gain," but she alleges no facts to support that the Meta defendants engaged in intentional discrimination.  Instead, her claim appears to be based on Meta allowing "discriminatory housing ads to be shown on their website [for] places that refuse service dogs" and "refus[ing] to fix their website to be accessible."  This is insufficient to allege "intentional discrimination" and "willful, affirmative

---

[2] The district court relied on this ground in its order granting defendants' motion to dismiss the first amended complaint.  But in its order granting defendants' motion to dismiss the third amended complaint, the district court dismissed the Rehabilitation Act claim because Facebook is not a place of public accommodation.  We do not affirm this basis for dismissal, because "public accommodation" is not a requirement for a Rehabilitation Act claim.  *See* 29 U.S.C. § 794d.  But we may affirm on any ground supported by the record.  *See, e.g.*, *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015).

3

misconduct" by the Meta defendants.[3] *Greater L.A. Agency on Deafness, Inc.*, 742 F.3d at 425.

4.  We agree with the district court that Lloyd's fraud claim fails because Lloyd did not allege any facts reasonably supporting that the Meta defendants intended to defraud her. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) ("Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" (quoting *Moore v. Brewster,* 96 F.3d 1240, 1245 (9th Cir. 1996))). As the district court notes, Lloyd merely alleges that "Defendants made fraudulent statements in [their] 'Statement of Rights and Responsibilities' (i.e., Terms of Service) that [they] had not lived up to, such as stating that 'they are committed to making [F]acebook a safe place' and that 'Facebook . . . states they are committed to protecting privacy and information.'" These allegations, without more, are insufficient to state a claim for fraud. *See Linear Tech. Corp. v. Applied Materials, Inc.*, 61 Cal. Rptr. 3d 221, 234 (Ct. App. 2007) ("[M]ere conclusionary allegations that the omissions were intentional and for the purpose of defrauding and deceiving plaintiffs . . . are insufficient."). Lloyd

---

[3] The district court relied on this reasoning in its order granting defendants' motion to dismiss the first amended complaint. Because we may affirm on any ground supported by the record, we do not address the district court's determination that the Unruh Act does not apply to digital-only websites.

does not allege any additional facts reasonably supporting that the Meta defendants intended to defraud her.

5.   We agree with the district court that Section 230 of the Communications Act of 1934, as added by the Communications Decency Act, 47 U.S.C. § 230, bars Lloyd's negligence claim.  Lloyd's negligence claim is based on defendants' failure to stop third parties from "harass[ing] and bully[ing]" Lloyd through the Facebook platform.  Lloyd does not dispute that Facebook is "a provider . . . of an interactive computer service," *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009), or that she seeks to hold defendants liable for the actions of third parties.  In addition, her negligence claim treats defendants as the publishers of the harassing posts.  *Id.* at 1102 ("[P]ublication involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content."); *see also Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230.").  Because all three Section 230 elements are met, Section 230 bars Lloyd's negligence claim.

6.   Lloyd's invasion of privacy claim, brought under the California Constitution and the common law, asserts that the Meta defendants have been impermissibly tracking her online activity even when she is not logged into the

5

Facebook platform.  She supports this assertion by adding that "[t]he minute Lloyd logs back into her Facebook account, ads from [] other third party sites [that she has visited] immediately show up on Lloyds [sic] [F]acebook account."

"[C]ourts consider the claims [of invasion of privacy under California common law and under the California Constitution] together and ask whether: (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020).  We agree with the district court that because Facebook's data policy gives clear notice that third party partners may share data with Facebook, Lloyd did not have a reasonable expectation of privacy in this information.[4]

7.  We reverse the district court's dismissal of the breach of contract claim for lack of diversity jurisdiction.  The district court erred by considering only the amount in controversy associated with the breach of contract claim.  "Under an easily stated, well-settled principle, reflected in cases throughout the federal courts, the existence or nonexistence of the amount in controversy required for subject matter jurisdiction is determined on the basis of the facts and circumstances as of the time that an action is **commenced** in a federal court." 14B Charles Alan Wright

---

[4] The district court relied on this reasoning in its order granting defendants' motion to dismiss the first amended complaint.  Because we may affirm on any ground supported by the record, we do not address the district court's determination that Section 230 bars the invasion of privacy claim.

& Arthur R. Miller, *Federal Practice and Procedure* § 3706 (5th ed. 2023) (emphasis added). It follows that the dismissal of Lloyd's other claims does not defeat diversity jurisdiction at this stage of the case. *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) ("Events occurring after the filing of the complaint that reduce the amount recoverable below the requisite amount do not oust the court from jurisdiction." (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938))). Thus, the district court's order is reversed as to the breach of contract claim.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**[5]

---

[5] Each party shall bear its own costs on appeal.