**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

FARMERS DIRECT PROPERTY
AND CASUALTY INSURANCE
COMPANY, formerly known as
Metropolitan Direct Property and
Casualty Insurance Company,

          *Plaintiff - Appellant*,

  v.

DENNIS PEREZ,

          *Defendant*,

VICTOR MONTEZ; LISA
MONTEZ,

          *Intervenor-Defendants -
Appellees*.

No. 23-3320

D.C. No.
2:21-cv-08807-
RGK-JEM

OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 7, 2024
Pasadena, California

Filed March 6, 2025

Before: Consuelo M. Callahan, Evan J. Wallach,[*] and Ana de Alba, Circuit Judges.

Opinion by Judge Wallach

## SUMMARY[**]

### Diversity Jurisdiction/Amount in Controversy

The panel reversed the district court's order granting Victor and Lisa Montez's motion to set aside and vacate a default judgment entered against Dennis Perez in a declaratory judgment action brought by Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") against Perez relating to its obligations under an auto insurance policy to defend and indemnify Perez in the Montezes' underlying state court tort action.

The district court held that the Farmers Direct failed, in its declaratory judgment action against Perez, to satisfy the amount-in-controversy requirement for diversity jurisdiction based on the auto policy's $25,000 face amount, resulting in a fundamental jurisdictional defect that rendered the declaratory action judgment void.

The panel held that the district court erred when it decided that the value of the declaratory judgment action

---

[*] The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

was limited to the automobile policy's $25,000 maximum liability. The district court therefore erred by setting aside the default judgment for lack of subject matter jurisdiction. The judgment was not void because there was at least an "arguable basis" that the amount in controversy was satisfied by considering either the potential excess liability of the underlying tort claim or Farmer Direct's anticipated future defense fees and costs, or both. The panel reversed the district court's decision to vacate the judgment and remanded for further proceedings.

In a concurrently filed memorandum disposition, the panel addressed Farmer's Direct's contention that the district court improperly joined the Montezes to the declaratory judgment under Rule 19.

---

## COUNSEL

Todd E. Lundell (argued), Sheppard Mullin Richter & Hampton LLP, Costa Mesa, California; Peter H. Klee and Thomas R. Proctor, Sheppard Mullin Richter & Hampton LLP, San Diego, California; Jennifer M. Kokes, Musick Peeler & Garrett LLP, Los Angeles, California; for Plaintiff-Appellant.

Misak Chanchikyan (argued), Ryan A. Crist, Daniel Eli, and Khail Paris, Parris Law Firm, Lancaster, California, for Intervenors-Defendants-Appellees.

**OPINION**

WALLACH, Circuit Judge:

Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") moved for and was granted a default judgment (the "Judgment") in its declaratory judgment action against Dennis Perez ("Perez") relating to its obligations pursuant to an auto insurance policy (the "Policy") to defend and indemnify Perez in connection with an automobile accident. With respect to an underlying tort action filed by Victor Montez and Lisa Montez (collectively, the "Montezes") against Perez in state court, the district court's Judgment declared that Farmers Direct no longer had a duty to defend or indemnify him under the Policy. When the Montezes became aware of the Judgment, they moved to set aside and vacate the Judgment. The district court granted the Montezes' motion and concluded its prior Judgment was void under Federal Rule of Civil Procedure ("Rule") 60(b) because it lacked subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We reverse.[1]

---

[1] In a concurrently filed memorandum disposition, we address Farmers Direct's contention that the district court improperly joined the Montezes to the declaratory judgment action under Rule 19. As to that issue, we vacate and remand. We need not reach all other arguments raised by the parties, which the district court may address in the first instance after addressing the joinder issue.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2017, an automobile accident occurred between Perez, who was insured by Farmers Direct[2] through his sister's Policy, and Victor Montez.  Charged for driving under the influence and causing bodily injury to another, *see* Cal. Veh. Code § 23153(b), Perez pleaded nolo contendere and served two years in jail.  The Montezes alleged Perez's "legal intoxication" caused the accident and the resulting "severe injuries" to Victor Montez, but Perez claimed that he unexpectedly hit a puddle, causing his vehicle to hydroplane into oncoming traffic.

On March 10, 2017, Victor Montez sent Farmers Direct a handwritten settlement demand letter, to indicate that he sought to settle for the full Policy amount, inquire whether Perez was "doing anything or going anywhere for his job" at the time of the accident, and determine if Perez had "any other insurance policies . . . ."  In its April 14, 2017 letter, Farmers Direct extended an offer to settle for the Policy's $25,000 limit.  On April 20, 2017, Victor Montez emailed Farmers Direct to note that it had failed to provide him with proof that Perez did not have any separate insurance coverage besides the Policy.  On April 27, 2017, Farmers Direct responded in a letter, offering to pay its $25,000 Policy limit in settlement of Victor Montez's bodily injury claim, confirming that the "vehicle was being used for personal use at the time of the accident and not for work or employment[,]" and stating that "there is no other insurance for this loss."

---

[2] Farmers Direct was formerly known as either "Metropolitan Direct Property and Casualty Insurance Company" or "MetLife."  Although the record also uses the insurer's former names, we use solely "Farmers Direct" for ease.

As of May 18, 2017, Farmers Direct told the Montezes that it could not reach Perez "to obtain an affidavit of no other insurance . . . ."  In its Complaint, Farmers Direct notes that after numerous attempts to locate Perez it instead reached out to Perez's sister, the named insured under the Policy, who "advised Farmers Direct that there was no other applicable insurance and that the vehicle was being used for personal and not work purposes at the time of the accident."

Nearly a year later, the Montezes filed their underlying tort action against Perez in state court on May 10, 2018.  Farmers Direct appointed counsel to defend Perez in the lawsuit.  Perez's appointed counsel subsequently asserted several defenses, but Perez was uncooperative with his own defense by failing to communicate with his counsel, who eventually retained a private investigator to locate Perez.  On August 6, 2019, the state court granted the Montezes' three motions to compel discovery and ordered interim sanctions against Perez, but not against his counsel, who noted that Perez "cannot be located."

On June 15, 2021, the state court allowed Farmers Direct to intervene on behalf of Perez in the underlying tort action after previously denying its request.  Farmers Direct incurred over $100,000 in defense fees, to intervene on behalf of Perez ahead of trial in the underlying tort action.  On August 19, 2021, the state court in its Minute Order terminated its interim sanctions against Perez, struck his answer, and entered default against him after he continued to be uncooperative by failing to sit for a deposition and failing to provide further discovery responses despite a court order to do so.  Specifically, the state court found that without terminating sanctions the Montezes "would be denied a fair trial[,]" because Perez had "willfully and purposefully made himself unavailable *for any purposes* – discovery and

trial[,]" and that there was "no reasonable belief *from anyone* that he will return."   In the same Minute Order, the state court recognized that Perez had "disappeared after getting out of jail and ha[d] not been in contact with defense counsel for some time[,]" as well as denied the Montezes' motion to reconsider Farmers Direct's intervention, finding that "[w]ithout a defendant present at trial, [Farmers Direct's] interests are squarely implicated and not otherwise adequately protected."

On November 9, 2021, Farmers Direct filed its declaratory judgment action ("Complaint") in the district court, seeking a declaration that Perez breached the Policy's provision relating to duties after loss ("Cooperation Clause"), and, in turn, that Farmers Direct no longer has a duty to defend or indemnify Perez in the underlying tort action.[3]  The Complaint discussed the legal costs Farmers Direct had incurred and that Farmers Direct would be precluded from asserting certain liability and damages defenses in the underlying tort action because of Perez's lack of cooperation.

On February 23, 2022, the district court entered Judgment, declaring that Farmers Direct:

> owes no continuing duty to defend and owes no duty to indemnify [] Perez in connection with the underlying [tort] action . . . because Perez's breach of the Policy's Cooperation Clause excuses further performance by Farmers Direct . . . against [] Perez, and all

---

[3] Farmers Direct initially brought but then later abandoned a second cause of action for breach of contract.

> other parties that may have claims arising out
> of the same operative facts . . . .

Farmers Direct continued to defend Perez in the underlying tort action.

On March 10, 2023, Farmers Direct informed the Montezes of the Judgment.  The Montezes wrote back insisting that Farmers Direct "dismiss its complaint in intervention, with prejudice," because it no longer had an interest in the outcome of the underlying tort action following the Judgment.  Farmers Direct replied, explaining that it would only dismiss the intervenor action if the Montezes formally agreed or stipulated that they would not seek to recover the Policy limits or an excess judgment from Farmers Direct.  On April 6, 2023, the Montezes replied that because Perez's "bad faith" claim was not assigned and the Montezes are only third-party beneficiaries they have no standing to pursue Farmers Direct for a judgment in excess of policy limits and, therefore, could not agree to the stipulation.  The case continued to trial with Farmers Direct as intervenor.

During trial of the underlying tort action, Farmers Direct was not able to effectively raise liability defenses, including the theory that Perez hydroplaned after hitting a puddle, because of Perez's lack of cooperation.  The Montezes showed video depositions of cross examinations of Farmers Direct's expert witnesses with regards to hydroplaning, but the testimony could not establish the facts predicating the testimony.  On July 5, 2023, the state court granted the Montezes' motion for partial directed verdict on liability.  On July 6, 2023, the jury returned a verdict awarding compensatory damages to the Montezes.

On July 28, 2023, the state court entered a tort judgment against Perez in an amount exceeding the $25,000 Policy limit.  On August 23, 2023, Farmers Direct paid the $25,000 Policy limit in partial satisfaction of the judgment.

On September 1, 2023, the Montezes filed a motion in Farmers Direct's declaratory judgment action to intervene and to vacate the Judgment on several grounds, including that the Judgment "is void because the [district] [c]ourt lacked subject matter jurisdiction."  The district court agreed with the Montezes in its October 6, 2023 Order vacating the Judgment for lack of subject matter jurisdiction because the amount in controversy was the Policy's $25,000 face amount, which was less than the over $75,000 statutory minimum.

Judgment of $8,862,730.00 in damages, $881,014.41 in costs and fees, and $3,205,151.67 in prejudgment interest were entered against Perez on November 9, 2023.[4]  Farmers Direct appealed the judgment in the underlying tort action that same month and that separate state court appeal is currently pending.

Farmers Direct timely appealed the district court's Order vacating the Judgment.

## II.  STANDARD OF REVIEW

We review de novo questions of law, including whether a judgment is void, *Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987), and whether subject matter jurisdiction exists, *Aydin Corp. v. Union of India*,

---

[4] We grant the Montezes' Motion for Judicial Notice, Dkt. 29, which adds the following to the record relating to the underlying tort action: (1) the Amended Judgment on Special Verdict, (2) the Notice of Appeal filed by Farmers Direct, and (3) the Docket (Register of Actions).

940 F.2d 527, 527 (9th Cir. 1991).  "Because the scope of what constitutes a 'void' judgment is 'narrowly circumscribed,' a judgment is void 'only where the assertion of jurisdiction is truly unsupported'—and a 'void judgment must lack even a colorable basis.'"  *FTC v. Hewitt*, 68 F.4th 461, 466 (9th Cir. 2023) (quoting *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019)).

## III.    DISCUSSION

"Whether a case is about an insurance policy or a declaratory judgment does not control jurisdiction one way or the other."  *Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 755 (9th Cir. 2018).  "Under 28 U.S.C. § 1332(a), district courts have jurisdiction in diversity cases only if 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"  *Id.* (quoting 28 U.S.C. § 1332(a)).  According to the district court, Farmers Direct failed to satisfy the amount-in-controversy requirement based on the Policy's $25,000 face amount, resulting in a fundamental jurisdictional defect that rendered the prior Judgment void.[5]  *See Costello v. United States*, 365 U.S. 265, 285 (1961).  On appeal, Farmers Direct argues that the district court erred when it decided that "the value of the underlying tort action is limited to the Policy's maximum liability."  We agree.  Reviewing de novo, *see Meadows*, 817 F.2d at 522; *see also Aydin*, 940 F.2d at 527, we conclude that the district court erred by setting aside the Judgment after it determined that it lacked subject matter jurisdiction here.  The Judgment was not void because there

---

[5] "Because it is undisputed that there is diversity of citizenship," we consider only "whether the amount-in-controversy requirement was satisfied."  *Maine Cmty. Health Options v. Albertsons Cos., Inc.*, 993 F.3d 720, 722 (9th Cir. 2021).

was at least an "arguable basis," *Hoffmann*, 928 F.3d at 1151 (cleaned up), that the amount in controversy was satisfied by considering either the potential excess liability from the underlying claim or Farmers Direct's anticipated future defense fees and costs, or both.

## A. Value of the Potential Excess Liability from the Underlying Claim

For declaratory judgment actions, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith[,]" and "[i]t must appear to a *legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (emphasis added; citations omitted). In *Allstate Fire & Casualty Insurance Co. v. Love*, the Fifth Circuit held that "where there is a *legal possibility* that an insurance company may be liable for an amount in excess of its policy limit, the underlying claim determines the amount in controversy." 71 F.4th 348, 350 (5th Cir. 2023) (emphasis added). We adopt the Fifth Circuit's approach, which is consistent with our precedent. Here, because there is a legal possibility that Farmers Direct may be liable for an amount in excess of its policy limit, the "value of the object of the litigation," *Cohn*, 281 F.3d at 840 (citation omitted), is not limited to the Policy's face amount.

Relying on *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997), the Montezes contend that "[w]here an insurer seeks adjudication that there is no

coverage, the amount in controversy is either the policy limit or value of the underlying tort claim, *whichever is lower*." Contrary to the Montezes' contention, in *Budget Rent-A-Car* we expressed no such preference. *See id.* at 1473–74. Instead, we stated that the insurer's "maximum liability" under the rental agreement was "relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, or if the value of the underlying tort claims exceeds the liability ceiling." *Id.* at 1473 (citing 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3710 (2d ed. 1985)). We then acknowledged that "[b]ecause the applicability of [the insurer's] liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action." *Id.* (citation omitted); *see also Love*, 71 F.4th at 353 (same); *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (per curiam) (same).

In *Budget Rent-A-Car*, we had no occasion to consider whether the policy limit set a cap on the "value" of the underlying potential tort action because the amount in controversy was satisfied even assuming the policy limit governed. *See Budget Rent-A-Car*, 109 F.3d at 1473–74 & nn. 3–4. Specifically, the value of the underlying potential tort action of each potential tort plaintiff was greater than the then-applicable in-excess-of-$50,000 jurisdictional requirement because each potential tort plaintiff had two potential tort claims for at least the $35,000 policy limit— one against each of the two insureds. *Id.* at 1473 ("The [underlying plaintiffs] have not disputed [the insurer's] assumption that the value of each of their underlying tort claims against [the rental car driver] and [the accompanying passenger] is $35,000 or more."). Therefore, considering the

insurer's obligations to indemnify each of the two insureds, the "value" of the declaratory judgment sought by the insurer with respect to each of its insureds was at least $70,000.[6]  *Id.* at 1472 (the insurer can "aggregate its multiple claims against each [insured] to reach the jurisdictional amount").

In this case, we conclude that the value of the underlying potential tort action is not the Policy's limit, because there is a legal possibility that Farmers Direct may be liable for an amount in excess of that limit. *Budget Rent-A-Car*, 109 F.3d at 1473; *see also Love*, 71 F.4th at 355 (when there is such possibility, "the proposition that the amount in controversy is governed by the lesser of the value of the claim under the policy or the value of the policy limit is not dispositive" (citation omitted)).

In its Complaint, Farmers Direct alleged that the Montezes, as the "underlying plaintiffs now contend they are *entitled to hundreds of millions of dollars* in damages and further contend that Farmers Direct is liable for such damages notwithstanding its Policy limits."  The Montezes' state court demand served as the basis for Farmers Direct's claim that the amount-in-controversy requirement was satisfied in federal court, and a federal plaintiff's "claim in excess of the requisite amount, made in good faith in the complaint, satisfies the jurisdictional requirement." *Budget Rent-A-Car*, 109 F.3d at 1473 (citing *St. Paul Mercury*,

---

[6] In *Budget Rent-A-Car*, we found that it did not matter whether the district court viewed the controversy as one between the underlying plaintiffs and the insurer "arising from their potential tort suits against the insureds, rather than as a contractual dispute between the insureds" and the insurer, because if the underlying plaintiffs were to win tort judgments against the insureds, "they would be able to sue [the insurer] for breach of its contractual obligations to indemnify" the insureds. 109 F.3d at 1474 n.4 (citation omitted) (applying Hawaiian state law).

303 U.S. at 288). The Montezes concede that in their underlying tort action against Perez they "alleged they were seeking for hundreds of millions in damages." The Montezes cannot now dispute Farmers Direct's "assumption that the value of . . . their underlying tort claims against" Perez was greater than $75,000, given that they once sought hundreds of millions in damages. *Budget Rent-A-Car*, 109 F.3d at 1473. Moreover, as is apparent, their goal all along has been to recover from Farmers Direct an amount in excess of the $25,000 policy limit—apparently by setting aside the Judgment, obtaining an assignment of a bad faith claim from Perez, and then suing Farmers Direct for bad faith. *See Samson v. Transamerica Ins. Co.*, 30 Cal.3d 220, 237 (1981) ("When . . . the insurer also rejects a reasonable settlement offer within policy limits, it may become obligated to pay more than its policy limits."); *see also City of Moore, Okl. v. Atchison, Topeka, & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983) ("To determine the amount in controversy, we look to the pecuniary effect an adverse declaration will have on either party to the lawsuit." (citations omitted)). Therefore, there is at least an arguable basis that the value of the default judgment Farmers Direct sought (and obtained) is greater than $75,000.[7]

Like the insurer in *Love*, Farmers Direct "does not seek to void the entire insurance contract — it is seeking a judicial declaration that its [P]olicy does not extend to the damages

---

[7] Given the procedural posture—a Rule 60(b)(4) motion attacking a final judgment as void—we need to find only that there was an "arguable basis" for jurisdiction. *See Hoffmann*, 928 F.3d at 1151 (cleaned up). We need not and do not decide whether the Judgment actually precludes Perez from bringing or assigning a bad faith claim, a question which the parties have not briefed.

awarded to the [underlying plaintiffs] by the state court."[8] 71 F.4th at 353.  Farmers Direct did not dispute the validity of the Policy itself.  For example, after judgment in the underlying tort action was entered against Perez in an amount exceeding the $25,000 policy limit, Farmers Direct sent to the Montezes a $25,000 check, "which reflects the [P]olicy's full liability limit, as partial satisfaction for the judgment rendered in favor of" the Montezes.  Instead, Farmers Direct challenged its duties to defend and indemnify Perez in the underlying tort action because Perez allegedly violated the Policy's Cooperation Clause.  We adopt the Fifth Circuit's approach in *Love*, which remains consistent with our precedent:

> [W]e hold that where the claim under the policy exceeds the value of the policy limit, courts considering declaratory judgments should ask whether there is a legal possibility that the insurer could be subject to liability in excess of the policy limit.  The party seeking diversity jurisdiction should establish this

---

[8] To the extent that the Montezes appear to argue that *Love* requires a state court judgment in the underlying tort action to be entered first before any declaratory judgment action complaint may be filed, we are not persuaded.  *See, e.g.*, *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 271, 273 (1941) (concluding that "the complaint in the instant case presents such a controversy is plain[,]" even when the insurer brought its declaratory judgment action before judgment was entered by the state court in the underlying tort action).  When Farmers Direct filed its Complaint there was "a *legal possibility* that an insurance company may be liable for an amount in excess of its policy limit . . . ." *Love*, 71 F.4th at 350 (emphasis added).

> possibility by a preponderance of the evidence.

*Love*, 71 F.4th at 355 (citation omitted).  Farmers Direct, as the "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *Maine Cmty. Health Options*, 993 F.3d at 723 (citation omitted); *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2006) (a plaintiff continues to bear the burden on a Rule 60(b)(4) motion).  Because there was at least an "arguable basis," *Hoffmann*, 928 F.3d at 1151 (cleaned up), that the amount-in-controversy requirement was satisfied, we reverse the district court's decision to vacate the Judgment.

## B.  Anticipated Future Defense Fees and Costs

Farmers Direct also argues that the district court erred when it "simply concluded—without analysis or citation to authority—that 'the amount in controversy does not include . . . defense costs for the underlying action.'"  We agree.[9]

---

[9] We join several of our sister circuits in reaching the conclusion that when an insurer seeks a declaration that it no longer has a duty to defend its insured in an underlying tort action, the insurer's anticipated fees and costs defending the insured in the underlying tort action are relevant to determining the amount in controversy.  *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 396–97, 401–02 & n.11 (3d Cir. 2016); *Advance Watch Co. v. Kemper Nat. Ins. Co.*, 99 F.3d 795, 797 (6th Cir. 1996); *Farmers Ins. Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979); *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976); *see also Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 515 (7th Cir. 1968).  The Montezes have not identified any contrary authority.

There is at least an arguable basis that at the time the district court entered its Judgment, Farmers Direct likely would have incurred more than $75,000 in fees and costs defending Perez in the underlying tort action, given that (1) Farmers Direct attached to its Complaint the Montezes' state court complaint, which illustrated that Farmers Direct was facing a lawsuit alleging that Perez was intoxicated when he collided head-on with Victor Montez, causing him severe injuries; (2) Farmers Direct attached to its Complaint the Montezes' damages statements claiming several hundred million dollars in damages; and (3) Farmers Direct has submitted evidence that it "has incurred several hundred thousand dollars in attorneys' fees and costs to intervene in the" underlying tort action and that "[a] significant portion of these fees (over $100,000) were incurred in bringing [counsel] up to speed for trial." Because Farmers Direct's "claim in excess of the requisite amount" of anticipated future defense fees and costs was "made in good faith" in its Complaint and was supported as described here, the amount-in-controversy requirement is satisfied also on this basis. *Budget Rent-A-Car*, 109 F.3d at 1473.

## IV.     CONCLUSION

For the above reasons, we reverse the district court's Order and remand for further proceedings consistent with this opinion.